Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022
Attorneys for the Plaintiffs and Proposed Settlement Class
[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALBERTO MALTA, AND DANNY ALLEN, JR. INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**<br><br>PLAINTIFFS,<br><br>V.<br><br>**WELLS FARGO HOME MORTGAGE, AND WELLS FARGO AUTO FINANCE, INC., ET AL.**<br><br>DEFENDANTS. | Case No.: 10-CV-01290 BEN (NLS)<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS ALBERTO MALTA'S AND DANNY ALLEN, JR.'S FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C § 227 ET SEQ.** |

## I. INTRODUCTION

1. Alberto Malta ("Plaintiff Malta") and Danny Allen, Jr. ("Plaintiff Allen") (Collectively referred to as "Plaintiffs") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Wells Fargo Home Mortgage, Inc. ("WF Home"), Wells Fargo Auto Finance, Inc. ("WF Auto") (Collectively as "Wells Fargo"), as well as The Federal Home Loan Mortgage Corporation a/k/a Freddie Mac ("Freddie Mac"), (or collectively referring to all defendants as "Defendants"), in negligently, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiffs' privacy.  Plaintiffs alleges as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## II. JURISDICTION AND VENUE

2. This Court has federal jurisdiction because this case arises out of a violation of federal law.  47 U.S.C. § 227(b); *Mimms v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740 (2012).

3. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendants conduct business in the County of San Diego and is subject to personal jurisdiction in this judicial district.

## III. PARTIES

4. Plaintiffs are, and at all times mentioned herein were, citizens and residents of the State of California.  Plaintiffs are, and at all times mentioned herein were, "person(s)" as defined by 47 U.S.C. § 153 (10).

5. Defendants are, and at all times mentioned herein were, corporations and "person(s)," as defined by 47 U.S.C. § 153 (10).  Plaintiffs allege that at all

HYDE & SWIGART
Riverside, California

times relevant herein Defendants conducted business in the State of California and in the County of San Diego, and within this judicial district.

## IV. FACTUAL ALLEGATIONS

### A. FACTS AS TO PLAINTIFF MALTA

6. At all times relevant, Plaintiff Malta was an individual residing within the State of California. Plaintiff Malta is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

7. Defendant WF Home is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (10).

8. At all times relevant Defendant WF Home conducted business in the State of California and in the County of San Diego.

9. At all times relevant Defendant Freddie Mac conducted business in the State of California and in the County of San Diego.

10. On multiple occasions over numerous days, all prior to the date this Complaint was filed, but sometime after four years prior to the date this Complaint was filed, Defendant WF Home contacted Plaintiff Malta on Plaintiff Malta's cellular telephone via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1).

11. During these telephone calls Defendant WF Home used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A).

12. The telephone number Defendant WF Home called was assigned to a cellular telephone service for which Plaintiff Malta incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

13. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

14. Plaintiff Malta did not provide prior express consent to receive calls on Plaintiff Malta's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

15. These telephone calls by Defendant WF Home violated 47 U.S.C. § 227(b)(1).

//

B. **FACTS AS TO PLAINTIFF ALLEN**

16. At all times relevant, Plaintiff Allen was a citizen of the State of California. Plaintiffs are, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

17. Defendant WF Auto is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (10).

18. At all times relevant Defendant WF Auto conducted business in the State of California and in the County of San Diego, within this judicial district.

19. Plaintiff Allen applied for and auto loan through Defendant WF Auto prior to 2010.

20. At no point did Plaintiff Allen provide Defendant WF Auto with his cellular telephone number and/or give Defendant WF Auto prior express consent to call Plaintiff Allen on his cellular telephone with the use of an autodialer and/or prerecorded message.

21. In early 2010, Plaintiff Allen fell on hard times and became delinquent on one or more accounts.

22. On information and belief Defendant WF Auto obtained Plaintiff Allen's cellular telephone number from a third party and/or in another manner, but not from Plaintiff Allen.

23. Beginning on October, 2010 Defendant WF Auto, or its agents, began calling Plaintiff Allen, almost on a daily basis, on his cellular telephone via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1) using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A).

24. The telephone number Defendant WF Auto, or its agents, called was assigned to a cellular telephone service for which Plaintiff Allen incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

25. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

26. Plaintiff Allen did not provide Defendant WF Auto or its agents prior express consent to receive calls with an autodialer or by a prerecorded voice message on Plaintiff Allen's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

27. These telephone calls by Defendant WF Auto or its agents violated 47 U.S.C. § 227(b)(1).

28. In response to receiving these illegal telephone calls, Plaintiff Allen sent a written demand to Defendant WF Auto to cease and desist any and all communications with Plaintiff Allen, including, but not limited to, dialing Plaintiff Allen's cellular telephone by automated dialer.  Such written communication was received by Defendant WF Auto on November 15, 2010.

29. Despite this written request to stop the automated collection calls to Plaintiff Allen's cellular telephone, Defendant WF Auto then initiated additional calls to Plaintiff Allen's cellular telephone beginning on November 27, 2010, and continuing almost on a daily basis, via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1) using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A).

30. The telephone number Defendant WF Auto, or its agents, called was assigned to a cellular telephone service for which Plaintiff Allen incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

31. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

HYDE & SWIGART
Riverside, California

32. Plaintiff Allen did not provide Defendant WF Auto or its agents prior express consent to receive calls with an autodialer or by a prerecorded voice message on Plaintiff Allen's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

33. These telephone calls by Defendant WF Auto or its agents violated 47 U.S.C. § 227(b)(1).

## V.   CLASS ACTION ALLEGATIONS

34. Plaintiffs brings this consolidated action on behalf of themselves and on behalf of and all others similarly situated consisting of Subclass One and Subclass Two, as defined below (Jointly referred to as the "Class").

### A.   SUBCLASS ONE

35. Plaintiff Malta represents, and is a member of, Subclass One, consisting of all subscribers to wireless telephone numbers whose numbers were dialed by Wells Fargo, in connection with its servicing of a Residential Mortgage Loan, including borrowers and co-borrowers on such loans, and including third parties called in connection with the servicing of such loans, where such calls were placed through the use of an automated dialer system and/or artificial or pre-recorded voice during the Class Period, June 16, 2006 to November 16, 2011.

### B.   SUBCLASS TWO

36. Plaintiff Allen represents, and is a member of Subclass Two, consisting of all subscribers to wireless telephone numbers whose numbers were dialed by Wells Fargo in connection with its servicing of Auto Loan accounts, including borrowers and co-borrowers on such accounts, and including third parties called in connection with the servicing of such accounts, where such calls were placed through the use of an automated dialing system and/or an artificial or pre-recorded voice during the Class Period of December 23, 2006 to November 16, 2011.

37. Excluded from Class are Defendants, their parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest, the judge or magistrate judge to whom the consolidated Action is assigned, and any member of those judges' staffs and immediate families.

38. Plaintiffs and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through its agents, illegally contacted Plaintiffs and the Class members via their cellular telephones by using an autodialer and / or with a prerecorded voice message, thereby causing Plaintiffs and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and the Class members previously paid, by having to retrieve or administer messages left by Defendants during those illegal calls, and invading the privacy of said Plaintiffs and the Class members.  Plaintiffs and the Class members were damaged thereby.

39. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.

40. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendants' records or Defendants' agents' records.

41. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the Class period as defined above in paragraphs 31 and 32, Defendants made any call (other than a call made for emergency

purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b. Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

c. Whether Defendants should be enjoined from engaging in such conduct in the future.

42. As persons that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without prior express consent, Plaintiffs are asserting claims that are typical of the Class. Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

43. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

44. Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

45. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to

1  present significantly fewer difficulties than those presented in many class
2  claims.

3  46. Defendants have acted on grounds generally applicable to the Class, thereby
4  making appropriate final injunctive relief and corresponding declaratory relief
5  with respect to the Class as a whole.

### FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

47. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

49. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq, Plaintiffs and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

50. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE

### TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

51. Plaintiffs incorporate by reference paragraphs 1 through 32, inclusive, of this Complaint as though fully stated herein.

52. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not

limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

53. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiffs and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

54. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully requests the Court grant Plaintiffs and the Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

55. As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seeks for themselves and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

56. Plaintiffs also seek, pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

57. Plaintiffs also seek any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

58. As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs seeks for themselves and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

59. Plaintiffs also seek, pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

60. Plaintiffs also seek any other relief the Court may deem just and proper.

**TRIAL BY JURY**

61. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Date: May 20, 2013                                          HYDE & SWIGART

                                                               By:  /s Joshua B. Swigart
                                                                  Joshua B. Swigart

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**Kazerouni Law Group, APC**
2700 North Main Street, Ste. 1050
Santa Ana, CA 92866
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Douglas J. Campion (SBN: 75381)
doug@djcampion.com
**Law Offices of Douglas J. Campion**
409 Camino Del Rio South, Suite 303
San Diego, CA 92108