Timothy R. Hanigan (State Bar #125791)
LANG, HANIGAN & CARVALHO, LLP
21550 Oxnard Street
Suite 760
Woodland Hills, CA 91367
Telephone: (818) 883-5644
Facsimile: (818) 704-9372

*Attorneys for Objector/Appellant
Gordon Morgan*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO MALTA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE FEDERAL HOME LOAN MORTGAGE CORPORATION a/k/a FREDDIE MAC,<br>WELLS FARGO HOME MORTGAGE,<br><br>*Defendants*. | Case No. 10-CV-1290-BEN-NLS<br><br>**OBJECTION TO SETTLEMENT AND ATTORNEYS' FEES**<br><br>THE HON. ROGER T. BENITEZ |

## Introduction

Gordon Morgan objects to approval of the settlement on the grounds that it is neither fair, reasonable, nor adequate. Objector also objects to the award of attorneys' fees as excessive and not in the best interests of the class. Further objection is made that the proponents of the settlement have not sustained their burden of proof on commonality, predominance, superiority and adequacy of class counsel and class representatives under Rule 23. This objection incorporates by reference all other objections to the extent not inconsistent with this objection.

I. **The objector is a member of the class.**

Gordon Morgan objects to this settlement. He is a resident of Texas and his address and phone number are as follows: 4701 Ayers, Ste.105, Corpus Christi, Texas 78415, 361-887-4700.

Objector is a wireless number subscriber who was contacted via an automated dialer system and/or artificial or pre-recorded voice by either or both Wells Fargo Bank, N.A. or by Wells Fargo Home Mortgage between June 16, 2006 to November 16, 2011 about servicing of residential mortgage loan or by Wells Fargo Auto Finance (or its predecessor Wells Fargo Auto Finance) between December 23, 2006 and November 16, 2011 about the servicing of auto loan accounts.

Objector received a notice postcard via U.S. mail with the claim number WFM1658399 indicating membership in the class (Exhibit 1). Mr. Morgan is objecting according to the instructions provided in his postcard notice and information found after an intensive search of the website. Objector filed a claim form via facsimile and USPS First Class mail before May 26, 2013 (Exhibit 2).

Attached is Objector's signed Declaration in support of this Objection (Exhibit 3).

Objector reserves the right to cross examine witnesses at the fairness hearing.

Objector reserves right to this supplement objection if parties introduce new arguments after objection deadline.

1

Objection is made to any procedures or requirements to object that require information or documents other than those that are contained herein to the extent that such requirements are unnecessary, unduly burdensome, are calculated to drive down the number and quality of objections to the settlement and violate objectors' due process rights and Rule 23(e)(5).

## II. The court has a fiduciary duty to the unnamed members of this class.

Under Rule 23(e) the district court, in its capacity as a fiduciary for absent class, may not accept a settlement not shown to be "fair, reasonable and adequate." Fed. R. Civ. P. 23(e).

Appeals courts have repeated referenced the lower courts' duties to class members pursuant to Rule 23(e) during the process leading up to approval of the class action settlement and approval of the fee request. *In re Relafen Antitrust Litigation*, 360 F.Supp.2d 166, 192–94 (D. Mass. 2005) (*citing, inter alia*, *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617, 623 (1997) ("Rule 23(e) protects unnamed class members from 'unjust or unfair settlements' agreed to by 'fainthearted' or self-interested class 'representatives.'")); *Reynolds v. Beneficial Nat'l Bank,* 288 F.3d 277, 279–80 (7th Cir. 2002) ("district judges [are] to exercise the highest degree of vigilance in scrutinizing proposed settlements of class actions").

Class counsel referenced a Ninth Circuit decision suggesting that courts should defer to the "private consensual decision of the [settling] parties" and that a proposed settlement reached after "arm's length negotiation" is "presumptively fair." Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Final Approval of Class Action Settlement (Dkt. 60-1) at 15. But in *Bluetooth*, the Ninth Circuit stated that an "arm's length" settlement that may be without overt collusion by class and defense counsel is not enough. The court has a fiduciary duty to monitor the reasonableness of the settlement for the protection of the unnamed class members. *Bluetooth*, 654 F.3d at 948 (*quoting Staton*, 327 F.3d at 960); *see also In re Mercury Interactive Corp.*, 618 F.3d 988,

994–95 (9th Cir. 2010).

### III. The attorneys' fee request is excessive.

The Court should further reduce the fees requested by attorneys.

Objection is made to the amount of attorneys' fees requested. Objection is also made to administration expenses being paid out of the common fund. It is imperative in a common fund case that the judge be the ultimate decision maker. As a fiduciary for class members, the Court must award no more than is necessary to compensate class counsel. The Court has the discretion and, indeed, the responsibility to depart from the standard of 25%. That is merely a starting point. Attorneys' fees should be based on the actual work done, the number of hours worked and the outcome of the settlement.

Class counsels' proposed award is grossly disproportionate to the funds being distributed to the class members. The proposed award of attorneys' fees is excessive under a percentage of recovery or lodestar analysis.

Moreover, objection is made to the adequacy of class counsel and to the extent the indicia of self-dealing are presented here. *See In re Bluetooth Headset Prod. Liab. Lit.*, 654 F.3d 935, 943, 947-49 (9th Cir. 2011).

Objector adopts and incorporates by reference the arguments and authorities in opposition to this settlement filed by other class members in opposition to this settlement as it pertains to class notice, fairness, adequacy and reasonableness of the settlement, conflicts of class counsel, and attorneys' fees.

### IV. The recovery amount is insufficient in light of the penalties Wells Fargo is avoiding with this settlement.

Two justifications have been offered to justify the existence of class actions: aggregating claims too small to be brought individually and deterring wrongdoing. George Rutherglen, *Wal-Mart, at&t Mobility, and the Decline of the Deterrent Class Action*, 98 Va. L. Rev. In Brief 24 (2012). The TCPA was enacted in 1991; Wells Fargo began flouting this law in 2006. It is inconceivable that the Defendant was unaware of a

federal telecommunications law in place for fifteen years banning the very automated phone calls that Defendant was making to almost half a million wireless phone subscribers. It is far more likely that Defendant did the math and gambled that it could avoid penalties, if its unlawful business practices came to light, through making a sweetheart deal in a class action. This common fund settlement amount constitutes a mere slap on the wrist to Wells Fargo that is likely to promote future abuse. It could serve as a signal to other telecommunications companies that they, too, can avoid the hefty fines designed to curb the very abuse addressed by the TCPA.

The Telephone Consumer Protection Act ("TCPA"), which prohibits unsolicited automated calls for the purpose of commercial solicitation, has a penalty provision that allows for consumers to recover a *minimum* of $500 for each violation. 47 U.S.C. § 227(c)(5)(B). If the 4.5 million telephone numbers that class counsel certifies are on Wells Fargo's call list had received just one unauthorized call each, Wells Fargo would be facing, at a minimum, a fine of $2.25 billion dollars. Even a paltry one percent of that potential fine, $22,500,000, is higher than the monies allocated for this common fund. After lawyers fees and administration expenses, the class is splitting roughly half of a $17 million settlement. And the court considers approving Wells Fargo's offer of $17.1 million to avoid an exponentially higher punitive amount as sufficient to curb future violation of federal law?

And if prior TCPA case law is any indication, class members would have been better off (although class and defense counsel would not have been) had they filed individual claims. Courts have awarded consumers the full $500 per call in multiple cases. *See Fillichio v. M.R.S. Associates*, 09-61629-CIV, 2010 WL 4261442 (S.D. Fla. Oct. 19, 2010) (damages of $500 per call for a total award of $78,500); *Harris v. World Fin. Network Nat. Bank*, 867 F. Supp. 2d 888, 901 (E.D. Mich. 2012) (statutory damages of $500 for each call placed; treble damages for each call placed after Defendants notified they had the wrong number); *Charvat v. NMP, LLC*, 656 F.3d 440, 448 (6th Cir. 2011) (court awarded $1500 for each of the thirty-one telephone calls Defendants initiated).

Simply put, the settlement amount of $17.1 million is insufficient given the magnitude of the violation and the penalties that should have been assessed as a result. It most assuredly does not serve as a deterrent for future bad acts.

### V. Class counsel impermissibly favors *cy pres* recipients over class members.

The terms of this settlement allow for the dispersal of class funds attributable to uncashed checks to a *cy pres* recipient(s) who has not yet been determined. The court should not approve the settlement on this basis alone; it has the option to approve the distribution of monies from uncashed checks to the class with the *caveat* that, should it become economically unfeasible to do so, the remainder would be gifted to a *cy pres* recipient.

The Third Circuit has clearly articulated that "direct distributions to the class are preferred over *cy pres* distributions." *In re Baby Products Antitrust Litig.*, 708 F.3d 163, 173 (3d Cir. 2013). The Fifth Circuit has stated unequivocally that a class settlement "generates property interests." *Klier v. Elf Atochem N. Am., Inc.*, 658 F.3d 468, 474 (5th Cir. 2011). And because settlement funds are class property, a *cy pres* distribution of unclaimed settlement funds is "permissible 'only when it is not feasible to make further distributions to class members.' Where it is still logistically feasible and economically viable to make additional pro rata distributions to class members, the district court should do so." *Klier* at 475 (5th Cir. 2011); *see* ALI Principles § 3.07 cmt. b (explaining that *cy pres* awards are appropriate "only when direct distributions to class members are not feasible …such distribution would not be economically viable").

It remains to be seen whether it will be economically feasible to further distribute settlement funds to the class members.

Objection is also made that the potential *cy pres* recipient has not yet been determined. Here, there is no way for class members to assess, as required by the Ninth Circuit, whether the *cy pres* distributions will "account for the nature of the plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class

members, including their geographic diversity." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011). The choice of recipient is critical, as the *cy pres* award must qualify as "the next best distribution" to giving the funds directly to class members. *Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012). It must not benefit a group "too remote" from the class. *Id.* (9th Cir. 2012).

The settlement provides no assurance that the recipient to whom class funds will be distributed will bear any nexus to the class or to the harm suffered and therefore violates our well-established standards governing *cy pres* awards. Moreover, the true value of the product *cy pres* initiative has yet to be determined, making it impossible to assess, and thus evaluate, the true value of the common fund. *Id.* at 869 (9th Cir. 2012).

## VI. The injunctive relief is illusory and should not be a basis for fees or settlement fairness.

Settlement terms touted as "benefits" to the class include changes made to Defendant's servicing systems to prevent calling a cell phone unless borrower has expressly consented. Settlement Agreement and Release (Dkt. 38-3) at 9. This implementation should have been made to insure compliance with TCPA enactment in 1991. This injunctive relief is entirely illusory. It does not benefit the class of people injured by Wells Fargo's previous violations of the law. Indeed, it affects non-class members and class-members equally. It thus cannot be considered a class benefit. "The fairness of the settlement must be evaluated primarily based on how it compensates class members for these past injuries." *Synfuel Technologies v. DHL Express (USA)*, 463 F.3d 646, 654 (7th Cir. 2006) (Wood, J.). Prospective injunctive relief does not compensate class members for past injuries.

## VII. The proposed notice program is not adequate.

As the Supreme Court explained in *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950):

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably

calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance. *Id.* at 314.

Class counsel states that a notice was made available on the settlement website. Plaintiffs' Memo. (Dkt. 60-1) at 10. The documents uploaded to the "Important Documents" page of the settlement website (Exhibit 4), where one would expect to find an important document, include the postcard notice and a publication notice. The long-form notice is found buried in the "Settlement Agreement with Exhibits" as Exhibit C, forty-six pages into that agreement. The average class member will not know to dig through those exhibits to find this critical notice. The long-form notice is also found on the "FAQs" page, but no explanation to class members regarding the import of that document or its content, only that there is a "download" option. There is no explanation on the website's home page for class members to tell them 1) to look for a long-form notice or 2) where to find the long-form notice the existence of which they are likely unaware. It is unreasonable to expect lay persons to read through complex legal documents to identify and assess the reasonableness of settlement terms.

So class members must rely on "Plaintiffs' Exhibit B – Postcard Notice" and "Plaintiffs' Exhibit D - Publication Notice Through Usa Today" (*sic*). Neither of those notices contains detailed information about the settlement. There is no mention of the *cy pres* distribution nor of the specifics of attorneys' fees, other than the 25% benchmark. There is no mention of the release to which class members will agree, nor of the injunctive relief suggested.

### Conclusion

The settlement cannot be approved because it does not adequately benefit the class thus is not fair, reasonable, or adequate. But if the settlement is approved, the attorney fee request is far too disproportionate to the class relief and must be substantially reduced.

Dated: June 5, 2013                                Respectfully submitted,

/s/ Timothy R. Hanigan
Timothy R. Hanigan (State Bar #125791)
LANG, HANIGAN & CARVALHO, LLP
21550 Oxnard Street
Suite 760
Woodland Hills, CA 91367
Telephone: (818) 883-5644
Facsimile: (818) 704-9372

*Attorneys for Objector/Appellant
Gordon Morgan*

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing Objection (and its attached declarations and exhibits) using the CM/ECF filing system thus effectuating service of such filing on all ECF registered attorneys in this case. I further certify that I caused these documents to be sent via USPS First Class Mail, postage prepaid, to the following participants at the addresses listed below:

U.S. District Court
Southern District of California
940 Front Street
San Diego, CA  92101

Douglas J. Campion, Esq.
Law Offices of Douglas J. Campion
409 Camino Del Rio South, Suite 303
San Diego, CA  92108

Mark D. Lonergan, Esq.
Severson & Werson
One Embarcadero Center
Suite 2600
San Francisco, CA  94111

DATED this 5th day of June, 2013.          /s/ Timothy R. Hanigan
                                            Timothy R. Hanigan

# EXHIBIT 1

First Class Mail
U.S. Postage
PAID
Sidney OH
Permit #100

Wells Fargo Home Mortgage, Inc.
c/o ILYM Group, Inc.
P.O. Box 57087
Irvine, CA 92619

Postal Service: Please do not mark Barcode

2062623

4284

**********************AUTO**5-DIGIT 78415
CLAIM ID: WFM1658399
GORDON MORGAN
4701 AYERS ST STE 105
CORPUS CHRISTI, TX 78415-1420

## Legal Notice

**If You Received A Cellphone Or Pager Call From Wells Fargo Using An Automatic Telephone Dialing System Between June 16, 2006 And November 16, 2011, Your Rights Could Be Affected By A Class Action Settlement.**

A settlement has been proposed in a lawsuit called *Malta, v. Wells Fargo Home Mortgage, Inc. et al.,* Case No. 10 CV 1290 BEN (NLS), and a related case, which are pending in the United States District Court for the Southern District of California ("Court").

**Who Is Included?**

You are included in the Settlement as a "Class Member" if (1) you live in the United States and (2) you received one or more calls between June 16, 2006 and November 16, 2011 from Wells Fargo Home Mortgage or Wells Fargo Auto Finance ("Wells Fargo") to your cellular telephone, paging service, specialized mobile radio service, other radio common carrier service, or any service for which the called party is charged for the call ("cellphone") and (3) the call or calls were made using an automatic telephone dialing system or an artificial or prerecorded voice and (4) you did not give prior consent to allow Wells Fargo to call your cellphone.

# LEGAL NOTICE

**Maitra v. v. Wells Fargo Home Mortgage, Inc., Case No. 10 CV 1290-BEN (NLS), and Allen v. Wells Fargo Auto Finance, Inc., Case No. CV 10 2657 W (JMA)**

**What Is The Case About?** The lawsuit claims that Wells Fargo, through its entities Wells Fargo Home Mortgage, Inc. and Well Fargo Auto Finance, Inc., collectively "Wells Fargo", violated a law called the Telephone Consumer Protection Act by calling cellphones without prior express consent using an automated telephone dialer during the Class Periods, June 16, 2006 to November 16, 2011 or December 23, 2006 to November 16, 2011. Wells Fargo denies that it broke the law and denies doing anything wrong.

**Summary of the Settlement:** Under the Settlement, which must be approved by the Court, Wells Fargo has agreed to pay $17,100,000 into a Settlement Fund. After paying incentive awards to the class representatives, certain administrative expenses, and attorneys' fees that the court will be asked to approve (which will not be more than 25% of the $17,100,000), and after paying the Class costs of litigating this lawsuit, the remainder of the Settlement Fund will be paid to Class Members who file claims. The details of the Settlement terms can be found at www.wellsfargotcpasettlement.com or by calling 1-855-868-1194.

**Can I Get Money from the Settlement?** Yes, if you are approved as a Class Member you will be entitled to a portion of the Settlement Fund. How much each approved Class Member receives will depend on how many people make claims that are approved.

**How Do I Make A Settlement Claim?** You can make a claim by either: 1) calling 1-800-206-8608, 2) by making a claim online at www.wellsfargotcpasettlement.com; or 3) by mailing a claim to the address of the Settlement Administrator The ILYM Group shown below. All claims must be submitted by, or if by mail, postmarked no later than May 26, 2013. To make a claim, you will be required to provide 1) your name; 2) your address; 3) the Claim ID number on this postcard, if you were mailed the postcard; and 4) in certain circumstances, further identifying information.

**Do I Have a Lawyer?** Yes. The Court has appointed the following lawyers to represent Class Members. Hyde & Swigart, 411 Camino Del Rio South, Suite 301, San Diego, California 92108, Law Offices of Douglas J. Campion, 409 Camino Del Rio South, Suite 303, San Diego, California 92108 and the Kazerouni Law Group, APC, 2700 North Main Street, Suite 1050, Santa Aria, CA 92866. The lawyers will be paid from the Settlement Fund.

**What Should I Do?** You should get more information from the Settlement Administrator to make a decision about your legal rights. You have three options: (1) You can submit a Settlement Claim to the Settlement Administrator to request a share of the Settlement Fund by May 26, 2013. If your Settlement Claim is approved, you will be bound by the Court's decisions in the lawsuit. You will not have the right to sue separately about the issues in the lawsuit. (2) You can remain a Class Member but object to the Settlement. To do so you must send a letter (not an email) identifying yourself as a Class Member and explaining why you object. Your objection must be sent to both the Settlement Administrator and the Court and be postmarked no later than June 5, 2013. You may choose to pay for and be represented by a lawyer who may send the objection for you. See the website for additional requirements if you intend to appear at the hearing. (3) You can exclude yourself from the Settlement, and be able to sue Wells Fargo about the facts at issue in the lawsuit, by mailing a request form to the Settlement Administrator (not the Court). You must state in writing your name, address and telephone number and state that you want to be excluded from the Wells Fargo settlement. That request must be postmarked no later than June 5, 2013.

**Scheduled Hearing:** The U.S. District Court, Southern District of California, located at 221 W. Broadway, San Diego, CA 92101, will conduct a hearing on whether to approve the Settlement, and if so, will determine what fees and expenses should be awarded to class counsel and whether $10,000 in total incentive payments, $5000 each, should be awarded to the Class Representatives that brought this action. The hearing is presently scheduled for June 19, 2013, at 9:00 a.m. in Courtroom 3, but may be changed. Any Settlement Class Member may enter an appearance with the Court through an attorney.

**For more information**, contact the Settlement Administrator: Visit: www.wellsfargotcpasettlement.com, Call: 1-855-868-1194 Or Write: Wells Fargo Cellphone Settlement, c/o The ILYM Group, P.O. Box 57087 Irvine, CA 92619. Para este aviso en español, visite www.wellsfargotcpasettlement.com

# EXHIBIT 2

# Malta v. v. Wells Fargo Home Mortgage, Inc.
# Claim Form

## Name

| | |
|---|---|
| Claim ID (found on the front of the Postcard above your name): | WFM1658399 |

Or

| | |
|---|---|
| Prior Number you were called on if you never received a postcard notice: | |

If you did not receive a postcard, your cellphone number must be listed in our records as one of the cellphone numbers called by Wells Fargo and included as part of the settlement. If you are not certain which of your cellphone numbers may have been called, you may submit each of them separately.

| | |
|---|---|
| First Name | Gordon |
| Last Name | Morgan |

## ADDRESS

| | |
|---|---|
| Street Address 1 | 4701 Ayers |
| Street Address 2 | Suite105 |
| City | Corpus Christi |
| State | TX |
| Postal Code / Zip Code | 78415 |
| Phone Number | (361) 887-4700 |

Please submit your completed claim form to:

**Mail:** Malta v. v. Wells Fargo Home Mortgage, Inc.
c/o ILYM Group, Inc.
P.O. Box 57087
Irvine, CA 92619
OR
**Fax:** 888-845-6185
**Postmarked or Faxed no later than May 26, 2013.**

# EXHIBIT 3

### DECLARATION OF GORDON MORGAN IN SUPPORT OF OBJECTION TO SETTLEMENT IN
### *MALTA v. WELLS FARGO HOME MORTGAGE, INC., et al.*

Comes now GORDON MORGAN and states the following under oath and under penalty of perjury in support of his objection:

"My name is GORDON MORGAN. I am over the age of eighteen (18) years. I have never been convicted of a felony. I am qualified and competent to make this affidavit. The facts stated herein are within my personal knowledge.

"I am a resident of Texas. My address and phone number are 4701 Ayers, Ste.105, Corpus Christi, Texas 78415, 361-887-4700.

"I am a wireless number subscriber who was contacted via an automated dialer system and/or artificial or pre-recorded voice by either or both Wells Fargo Bank, N.A. or by Wells Fargo Home Mortgage between June 16, 2006 to November 16, 2011 about servicing of residential mortgage loan or by Wells Fargo Auto Finance (or its predecessor Wells Fargo Auto Finance) between December 23, 2006 and November 16, 2011 about the servicing of auto loan accounts.

"I received a notice postcard in the mail with the claim number WFM1658399 identifying me as a class member.

"I filed a claim form via facsimile and USPS First Class mail on prior to May 26, 2013.

"I object to the proposed settlement of *Malta v. Wells Fargo Home Mortgage, Inc. et al.* for the reasons stated in my objection.

"I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this the 5th day of June 2013, at Corpus Christi, Texas."

_____
GORDON MORGAN

# EXHIBIT 4

# ILYM|GROUP, Inc.

SETTLEMENT ADMINISTRATION EXPERTS

- Home
- Submit a Claim
- Change of Address
- FAQ
- Important Documents
- Contact Us

**Important Documents**

 **Preliminary Approval Order**

 **Settlement Agreement with Exhibits**

 **Change of Name or Address**

 **Notice of Motion**

 **Memorandum of Points and Authorities in Support of Motion for Attorneys' Fees, Costs of Litigation and Incentive Payment**

 **Declaration of Abbas Kazerounian in Support of Attorneys' Fees, Costs of Litigation and Incentive Payment**

 **Declaration of Douglas J. Campion in Support of Attorneys' Fees, Costs of Litigation and Incentive Payment**

 **Declaration of Joshua B. Swigart in Support of Attorneys' Fees, Costs of Litigation and Incentive Payment**

 **Declaration of Danny Allen, Jr. in Support of Attorneys' Fees, Costs of Litigation and Incentive Payment**

 **Declaration of Alberto Malta in Support of Attorneys' Fees, Costs of Litigation and Incentive Payment**

 **Declaration of Daniel Forde in Support of Attorneys' Fees, Costs of Litigation and Incentive Payment**

 **Declaration of Todd M. Friedman in Support of Attorneys' Fees, Costs of Litigation and Incentive Payment**

- Declaration of Drew Lyman in Support of Attorneys' Fees, Costs of Litigation and Incentive Payment
- Declaration of Stephen G. Recordon in Support of Attorneys' Fees, Costs of Litigation and Incentive Payment
- Declaration of Clinton Rooney in Support of Attorneys' Fees, Costs of Litigation and Incentive Payment
- Declaration of Jeffrey A. Hansen in Support of Attorneys' Fees, Costs of Litigation and Incentive Payment
- Declaration of Lisa Mullins in Support of Attorneys' Fees, Costs of Litigation and Incentive Payment
- Proof of Service
- Plaintiffs' Notice of Motion and Motion for Final Approval of Class Action
- Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Final Approval of Class Action Settlement
- Declaration of Alberto Malta in Support of Motion for Final Approval of Class Action Settlement
- Declaration of Danny Allen Jr. in Support of Motion for Final Approval of Class Action Settlement
- Declaration of Douglas J. Campion in Support of Motion for Final Approval of Class Action Settlement
- Declaration of Abbas Kazerounian in Support of Motion for Final Approval of Class Action Settlement
- Declaration of Joshua B. Swigart in Support of Motion for Final Approval of Class Action Settlement
- Declaration of Lisa Mullins in Support of Motion for Final Approval of Class Action Settlement
- Plaintiffs' Exhibit a - Cover Letter for Cafa Notice

 **Plaintiffs' Exhibit B - Postcard Notice**

 **Plaintiffs' Exhibit C - Press Release Announced Through Prweb.com**

 **Plaintiffs' Exhibit D - Publication Notice Through Usa Today**

 **May 22 2013 Proof of Service**

**ILYM GROUP Inc.** | www.ilymgroupclassaction.com | 15331 Barranca Parkway Irvine, CA 92618 (855) 868-1194
This website is maintained by ILYM Group, Inc. the Claims Administrator for this settlement. We are a neutral third party engaged to provide information to class members

loading