UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

Alberto Malta, et al.,

       Plaintiff,                              Case No.: 13-MC-5

v.
Wells Fargo Home Mortgage, et al.,

       Defendants.
_____/

## MOTION TO QUASH SUBPOENA

Comes now, Julius Dunmore ("Mr. Dunmore" or "Non-party Movant"), a non-party objector to the case pending in the Southern District of California, Case styled: Alberto Malta, et al. v. Wells Fargo Home Mortgage, et al., Case No.: 10-CV-1290-BEN-NLS (hereinafter referred to as the "California Action"); by and through his undersigned counsel files this Motion to Quash Subpoena for failure to comply with Federal Rule of Civil Procedure 45 and in support thereof states the following:

1. Counsel for Plaintiff in the California Action, Joshua B. Swigart of Hyde & Swigart located in San Diego CA,(hereinafter referred to as "Issuing Party")[1] issued a subpoena to Mr. Dunmore requiring his appearance to provide deposition testimony and production of documents. (Hereinafter referred to as the "Subpoena") (Attached hereto as Exhibit A).

2. Although the Subpoena was dated June 5, 2013 Mr. Dunmore was served (although improperly) on June 12, 2013, requiring compliance four (4) business days later on June 18, 2013. (See Exhibit A).

---

[1] Although, the Subpoena states that Joshua B. Swigart issued the Subpoena, it appears to be signed by Robert L. Hyde.

1

EXHIBIT A

3. For the reasons stated below, service of the Subpoena was improper and the Subpoena should be quashed.

4. Issuing Party failed to provide reasonable time to comply with the Subpoena and therefore it should be quashed.

   a. Pursuant to F.R.C.P. 45(c)(3)(A)(1) "[o]n timely motion, the issuing court must quash or modify a subpoena that:…*fails to allow a reasonable time to comply*…"(*Emphasis added*).

   b. June 12, 2013 to June 18, 2013, which is only four business days from the date of service to the date of compliance is not, under any measure, a reasonable time to comply. *See e.g. Tri Investments, Inc. v. Aiken Cost Consultants, Inc.*, 2:11CV4, 2011 WL 5330295 (W.D.N.C. Nov. 7, 2011) ("Six total days and four business days is not a reasonable time to comply with a subpoena and notice of deposition.") (internal citations omitted); *See also Cole v. City of New York*, 10 CIV. 5308 BSJ KNF, 2012 WL 1138570 (S.D.N.Y. Apr. 5, 2012) ("In light of the plaintiff's unjustified delay in serving the subpoenas at issue, and absent any authority that three to five business days is a reasonable time to comply with the subpoenas in circumstances such as these, the Court finds that the plaintiff's subpoenas did not provide reasonable time for compliance, warranting quashing of the subpoenas.")

   c. Considering all facts and circumstances, this Motion is brought in a timely manner as it is filed only two days after Mr. Dunmore was served with the Subpoena.

5. The Subpoena should be quashed because the Issuing Party served an incomplete subpoena in both form and substance.

   a. The Subpoena served upon Mr. Dunmore was comprised of one page which contained the language:

      "The provisions of Fed. R. Civ. P. 45(c) relating to your protection as a person subject to a subpoena and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, *are attached*." (*Emphasis added*) (Exhibit A).

      There was, however, no attachment containing portions of Rule 45 thereby running clearly afoul of Rule 45(a)(1)(A)(iv), which requires that "[e]very subpoena must:… set out the text of Rule 45(c) and (d)."

   b. Further, the Subpoena served upon Mr. Dunmore did not contain any proof of service. It is therefore requested that the Issuing Party provide strict proof thereof.

   c. The Federal Court system has provided form subpoenas found at http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO088A.pdf (last accessed June 13, 2013), which contains form AO 88A (Rev. 06/09) "Subpoena to Testify at a Deposition in a Civil Action" - a three page document that, if used would have satisfied the form defects in the Subpoena. Issuing Party instead chose to ignore the form provided and ultimately serve an incomplete subpoena.

WHEREFORE Non-party Movant respectfully requests that the Subpoena to Mr. Dunmore be quashed and any other relief the Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(B), we hereby certify that counsel for the movant has conferred with Counsel for Plaintiff in the California Action in a food faith effort to resolve the issues raised in this motion, but has been unable to resolve the same.

Dated this 14th day of June, 2013.                    Respectfully Submitted,

s/ Paul S. Rothstein
Paul S. Rothstein (FBN 310123)
psr@rothsteinforjustice.com
Paul S. Rothstein
626 N.E. 1st Street
Gainesville, FL 32601-3391
Phone: (352) 376-7650
Fax: (453) 374-7133

*Attorneys for Non-Party Movant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing MOTION TO QUASH SUBPOENA has been furnished via ( )U.S. Mail, ( ) Facsimile, ( X )Electronic Mail to: Joshua B. Swigart, Esq., Hyde & Swigart, 2221 Camino del Rio South, Ste. 101, San Diego, CA 92108; email: josh@westcoastlitigation.com; and Robert Hyde, Esq., Hyde & Swigart, 2221 Camino del Rio South, Ste. 101, San Diego, CA 92108; email: bob@westcoastlitigation.com this 14th day of June, 2013.

s/ PAUL S. ROTHSTEIN
PAUL S. ROTHSTEIN

EXHIBIT A



AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Florida

| | |
|---|---|
| Alberto Malta, et al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No.  10-CV-1290-BEN-NLS |
| Wells Fargo Home Mortgage, et al. ) | |
| ) | (If the action is pending in another district, state where: |
| *Defendant* ) | Southern District of California    ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Julius Dunmore, 740 NE 23rd Ave., Apt. C30, Gainesville, FL 32609

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Date _____ Time: _____
Server: _____

| Place: Marriott | Date and Time: |
|---|---|
| 4155 SW 40th Blvd., Gainsville, FL 32608 | 06/18/2013 10:00 am |

The deposition will be recorded by this method:   Stenographically and/or by video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

1. Any fee agreement, written or otherwise, between you and your attorney(s), including Michael D. Luppi in this matter.
2. All documents and records showing any amount of compensaton received for any and all objections filed in any other actions, including, but not limited to LED Tech., LLC v. Sharp Corp, et al.,

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   06/05/2013
*CLERK OF COURT*

OR _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Plaintiff, Alberto Malta
, who issues or requests this subpoena, are:

Joshua B. Swigart (SBN 225557), Hyde & Swigart, 2221 Camino del Rio South, Ste. 101, San Diego, CA 92108.
(619) 233-7770. josh@westcoastlitigation.com

EXHIBIT A