**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ALBERTO MALTA, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,** | **Case No: 10-CV-1290-BEN (NLS)** |
| | **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |
| **PLAINTIFFS,** | |
| **V.** | **[Docket No. 60]** |
| **THE FEDERAL HOME LOAN MORTGAGE CORPORATION A/K/A FREDDIE MAC; AND WELLS FARGO HOME MORTGAGE, INC.,** | |
| **DEFENDANTS.** | |

On June 15, 2012, after extensive arms-length negotiations, and settlement discussions before Magistrate Judge Barbara Lynn Major, and two mediation sessions, one before the Hon. Howard B. Wiener, Ret. and the other before Hon. Leo S. Papas, Ret., Plaintiffs and Defendants (herein jointly referred to as the "Parties") entered in to a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23. On June 18, 2012, the Parties filed the Agreement, along with Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement (hereinafter referred to as the "Preliminary Approval Motion"). The Agreement settles this action, entitled *Malta v. The Federal Home Mortgage Corporation a/k/a Freddie Mac et al.*, 10-CV-1290-BEN-NLS (S.D. Cal.) as well as the combined action, entitled *Danny Allen, Jr. v. Wells Fargo Auto Finance, Inc.*, 10-CV-02657 W (JMA) (S.D. Cal.), in the United States District Court of California (hereinafter referred jointly as the "Action").

On February 5, 2013, upon consideration of the Agreement, Preliminary Approval Motion, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) two subclasses of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiffs Alberto Malta and Danny Allen, Jr. as the Class Representatives; (iv) appointed Hyde & Swigart, the Kazerouni Law Group, APC and the Law Offices of Douglas J. Campion, APC as "Class Counsel"; and (v) set the date and time of the Final Approval Hearing for June 19, 2013, at 9:00 a.m.

On May 3, 2013, Plaintiffs filed their Motion for Attorneys' Fees, Costs of Litigation and Incentive Payments (hereinafter referred to as the "Fee Brief").

On May 22, 2013, the Plaintiffs filed their Motion for Final Approval of

Class Action Settlement Agreement (hereinafter referred to as the "Final Approval Motion"). Pursuant to their Final Approval Motion, the Plaintiffs request final certification of the settlement subclasses under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement. On June 7, 2013, Plaintiffs filed their Supplemental Brief in Support of Final Approval.

On June 19, 2013, a Final Approval Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Action satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court.

The Court has read and considered the Agreement, Fee Brief, the Final Approval Motion and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. **JURISDICTION:** The Court has jurisdiction over the subject matter of the Action and over all settling parties hereto.

2. **SETTLEMENT CLASS MEMBERS:** Pursuant to Fed. R. Civ. P. 23(b)(3), the Action is hereby finally certified, for settlement purposes only, as a class action on behalf of the following Settlement Class members (comprised of two subclasses) with respect to the claims asserted in the Lawsuit:

   Subclass One:

   > All subscribers to wireless telephone number whose numbers were dialed by Wells Fargo in connection with its serving of Residential Mortgage Loan, including borrowers and co-borrowers on such loans, and including third parties called in connection with the serving of such loans, where such calls were placed through the use of an automated dialer system and/or artificial or pre-recorded voice during the Class Period June 16, 2006 to November 16, 2011.

Preliminary Approval Order, p. 14:22-27.

Subclass Two:

> All subscribers to wireless telephone number whose numbers were dialed by Wells Fargo in connection with its serving of Auto Loan account, including borrowers and co-borrowers on such loans, and including third parties called in connection with the serving of such loans, where such calls were placed through the use of an automated dialer system and/or artificial or pre-recorded voice during the Class Period December 23, 2006 to November 16, 2011.

Preliminary Approval Order, p. 15:1-6.

3.  **CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT:** Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiffs Alberto Malta and Danny Allen, Jr. as the Class Representatives, and Hyde & Swigart, the Kazerouni Law Group, APC and the Law Offices of Douglas J. Campion, APC as "Class Counsel."

4.  **NOTICE AND CLAIMS PROCESS:** Pursuant to the Court's Preliminary Approval Order, the Claims Administrator ILYM Group, Inc. (hereinafter referred to as "Claims Administrator") has complied with the approved notice process as confirmed in its declaration filed with the Court. The form and method for notifying the Settlement Class members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice process was designed to advise the Settlement Class members of their rights. Further, the Court finds that the claim process set forth in the Agreement was followed and that the process was the best practicable procedure under the circumstances.

5.   **CAFA NOTICE:** On February 15, 2013, the Claims Administrator filed the requisite CAFA notice pursuant to 28 U.S.C. § 1715 with the U.S. Attorney General and the Attorney General of each state.

6.   **FINAL CLASS CERTIFICATION**: The Court again finds that the Action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

1)  The Settlement Class members are so numerous that joinder of all of them in the Lawsuit would be impracticable;

2)  There are questions of law and fact common to the Settlement Class members, which predominate over any individual questions;

3)  The claims of Plaintiffs are typical of the claims of the Settlement Class members;

4)  The Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all the Settlement Class members; and

5)  Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The Court finds that the settlement of the Action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class members, especially in light of the benefits to the Settlement Class Members, the strength of the Plaintiffs' case, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the class.

7.   **SETTLEMENT TERMS:** The Agreement, which has been filed with the

Court and shall be deemed incorporated herein, and the proposed Settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

A. The Claims Administrator shall pay each of the 120,547 claimants that made a timely and valid claim as well as the 103 claimants that made a late claim, the sum of $84.82.

B. The Claims Administrator shall pay from the Settlement Fund the sum of $1,500 to each of the two Plaintiffs Alberto Malta and Danny Allen, Jr., for a total of $3,000, payable through Class Counsel, as Incentive Payments for bringing and participating in this Action;

C. The Claims Administrator shall be paid from the Settlement Fund the sum of $2,997,291 for its costs and fees incurred for the cost of notice and claims administration; and

D. The Claims Administrator shall pay from the Settlement Fund to Class Counsel the sum of $3,847,500 (22.5% of the $17,100,000 Settlement Fund) as attorneys' fees and the sum of $18,619.37 as costs incurred in litigating this Action, in the manner specified in the Agreement.

8. **EXCLUSIONS AND OBJECTIONS:** A total of 47 exclusions were received, including Tonya Barron's letter to the Claims Administrator that will be construed as an exclusion and Taisha Day's late request for exclusion. Those persons requesting exclusion are named in Exhibit A to this Order. The Court hereby excludes these individuals from the class and settlement. The Settlement Class members were given an opportunity to object to the settlement. There were 7 objections filed by Class Members.  The Class Members who filed objections were: (1) Jada Longchamp (including her husband Harard Longchamp; (2) Julius Dunmore; (3) Gordon Morgan; (4)

Thomas V. Krajenta;[1] (5) Jarod Weatherford; (6) Patricia K. Thomas; and (7) James Wood.[2] After consideration of each of the objections, the Court hereby overrules such objections.  This Order is binding on all Settlement Class members, except those individuals named in Exhibit A, who validly and timely excluded themselves from the Class.

9. **RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT:** The Class Representatives, Settlement Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Pursuant to the Release contained in the Agreement, the Released Claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

10. The Action is hereby dismissed with prejudice in all respects.

11. This Order is not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or any other proceeding.

12. Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice, the court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Action and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

**IT IS SO ORDERED.**

Dated: June 21, 2013

_____
THE HONORABLE ROGER T. BENITEZ
UNITED STATES DISTRICT COURT

---

[1] Thomas V. Krajenta later withdrew this objection.  (*See* Docket No. 88.)
[2] To the extent Greg Gemar's letter to the Court (Docket No. 86) can be construed as an objection, it is also overruled.

# Exhibit A

**Exclusions:**
Alan Katnich
Maria Katnich
Chad Barbiere
David Michael Giannelli
Timothy Matthew
Gene Myrick
George Christian
Michele Christian
Ryan Henderson
Barbara Porter
Joseph Stevens
Greg Vaughan
Mumtz Begum Shaik
Edward Cherry
Martha Wilson
Matthew Alves
Lori L. Archbold
Keith Randall
Beverly Randall
Reginald White
Carmel Senat
Antonio Campos
Margarito Chavera
Elisha Lopez
Michael Frost
Tina M. Campana
Sandra Martinez
Melina Norton
Scott Henderson
Samuel J. May
Jason LaTour
Kathleen Joy Rudnick
Matthew Hochstrasser
Tyler Raymond Welling
Madeline E. Mount
William B. Mount

Leesha Keller
Crystal Whitman
Matt Chapman
Elizabeth Chapman
Joshua Harp
Joan Harp
Aaron Trembath
Felicia Trembath
Jeffrey Estep
Tonya Barron
Taisha Day