UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALBERTO MALTA, On Behalf of Himself and All Others Similarly Situated,**<br><br>Plaintiff,<br><br>vs.<br><br>**THE FEDERAL HOME LOAN MORTGAGE CORPORATION a/k/a FREDDIE MAC; WELLS FARGO HOME MORTGAGE,**<br><br>Defendants. | Case No.: 10-CV-1290-BEN-NLS<br><br>**ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS AND SERVICE AWARD TO THE NAMED PLAINTIFF**<br><br>[Docket No. 56] |

Presently before the Court is Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Award to the Named Plaintiffs. Hyde & Swigart, Kazerouni Law Group, APC and The Law Offices of Douglas J. Campion (Class Counsel) negotiated a settlement on behalf of the Class consisting of a common Settlement Fund of $17,100,000 in monetary relief. For their efforts in achieving this result, Class Counsel seeks a fee of 22.5% of the Settlement Fund, plus reimbursement of

out-of-pocket expenses of $18,619.37. On May 3, 2013 Class Counsel submitted a Motion for Attorneys' Fees, Costs, and a Service Award for the named Plaintiffs. Plaintiffs' counsel seeks an award of $3,847,500 in attorneys' fees and $18,619.37 in litigation costs, claims administration costs of $2,997,291, and a $3,000 in total aggregate for service awards for Plaintiffs for services rendered in this action.

The Court must examine the fee provision in relation to the Agreement as a whole. *In re Bluetooth Headset Prods. Liability Litig.*, 654 F.3d 935, 948-49 (9th Cir. 2011) ("Even when technically funded separately, the class recovery and the agreement on attorneys' fees should be viewed as a 'package deal.'"). Where a settlement produces a common fund for the benefit of a class, the Court has discretion to calculate attorneys' fees using either the lodestar or the percentage-of-recovery method, but that "discretion must be exercised so as to achieve a reasonable result." *Id*. at 942.

Under the percentage-of-recovery method, district courts "typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure." *Id*. (*citing Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)). Courts consider five factors when evaluating the reasonableness of a fee request: (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of the work; (4) the contingent nature of the fee and the financial burden carried by Plaintiffs; and (5) awards made in similar cases. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002).

Here, Class Counsel's declarations and billing statements indicate Counsel expended approximately 1,351 hours and $746,036.60 in fees based on billing rates ranging from $495 to $675 per hour. After considering the five factors in *Vizcaino*, the Court finds that an award of attorneys' fees in the amount of $3,847,500 (22.5% of the $17,100,000 Settlement Fund) is reasonable. The record also justifies payment of $18,619.37 in costs, to be paid from the Settlement Fund.

In addition, Class Counsel asks the Court to award the total aggregate in incentive payment to the named Plaintiffs in the amount of $3,000 from the Settlement Fund ($1,500 each). Defendants have agreed not to oppose this request. Plaintiffs came forward to serve as the class representatives, kept abreast of the litigation, and assisted Class Counsel in investigation, discovery and mediation. Plaintiffs also approved the proposed settlement terms after reviewing it, and after consulting with Class Counsel.

A $3,000 service award, total, to Plaintiffs is warranted, considering Plaintiffs' contributions to this action, as outlined in the declarations of Malta and Allen, filed concurrently with Class Counsel's fee motion. This amount awarded as a service award is well in line with similar awards approved by other federal courts, and supported by the recent Ninth Circuit authority in *Radcliffe v. Experian Info. Solutions, Inc.*, 2013 U.S. App. LEXIS 9126 (9th Cir. Mar. 4, 2013); *see also Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, at 1329-30 & n. 9 (W.D. Wash. 2009) (approving $7,500 incentive awards where named plaintiffs assisted Class Counsel, responded to discovery, and reviewed settlement terms, and collecting decisions approving awards ranging from $5,000 to $40,000); *Grays Harbor Adventist Christian Sch. v. Carrier Corp.*, No. 05-0537 RBL, 2008 WL 1901988, at *6 (W.D. Wash. April 24, 2008) (approving $3,500 awards).

**IT IS SO ORDERED.**

Dated: June 21, 2013

THE HONORABLE ROGER T. BENITEZ
UNITED STATES DISTRICT COURT