Michael D. Luppi
CA Bar Number: 55865
Attorney for Objector Julius Dunmore
11366 Christy Ave
Sylmar, CA 91342
(818)897-3344
girlfriwp@aol.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO MALTA, on behalf of himself and all other similarly situated<br><br>Plaintiff,<br><br>v.<br><br>THE FEDERAL HOME LOAN MORTGAGE CORPORATION a/k/a FREDDIE MAC; WELLS FARGO HOME MORTGAGE,<br><br>Defendants. | Case No.: 3:10-CV-1290 BEN (NLS)<br><br>**OBJECTOR JULIUS DUNMORE'S RESPONSE TO PLAINTIFFS' MOTION FOR POSTING OF AN APPEAL BOND BY OBJECTOR JULIUS DUNMORE**<br><br>Date:  August 19, 2013<br>Time:  10:30 a.m.<br>Place:  Courtroom 5A<br>Judge: Hon. Roger T. Benitez |

Objector/Appellant Julius Dunmore, through his undersigned counsel, responds to Plaintiffs' Motion for Posting of an Appeal Bond by Objector Julius Dunmore, and states:

**INTRODUCTION**

Class Counsel seek a $59,425.99 Appeal Bond (the estimated cost of $5,000 in connection with preparation of the record on appeal and transcript costs; plus the estimated cost to the class of $18,425.99 in lost interest resulting from the delay caused by the appeal; and the estimated additional claims administrator costs of $36,000).  Although Class Plaintiff may obtain a bond for costs under Rule 7 Fed.R.App.P., those costs may not include Fictitious Copying Costs, Delay Costs, or any other additional costs not contemplated by the Federal Rules, as

interpreted by the Ninth Circuit. It is simply disingenuous of Class Counsel to allege to the Court that this appeal will require the copying of 50,000 pages ($5,000 divided by $.10[1] = 50,000)  Clearly, in this appeal copying cost will never exceed even $1,000 per side.

It is clear that Class Counsel is seeking a $59,425.99 bond in an attempt to stifle Objector/Appellant Dunmore's appeal from this Court's approval of the $17.1 million settlement and class counsel's concomitant attorneys' fees. Fees that will be gladly paid by Wells Fargo Bank, N.A[2]., the real party in interest (Document 8 page 1) in this matter erroneously sued by Class Counsel as Wells Fargo Home Mortgage, Inc. As a result of this settlement, Wells Fargo Bank, N.A. gets fully released from its potential liability of paying the known 5,887,508 class members $2.4 billion in statutory damages. i.e., instead of the bank paying $500 per class member in statutory damages for violation of the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227(b)(3), the bank is paying $2.90[3] per class member. A result that Objector/Appellant Dunmore sees as not being fair, adequate or reasonable.

Class Counsel's request for a $59,425.99 Appeal Bond brings to mind the thoughts of Judge Richard Posner who noted:

"It is a curiosity of class action litigation that often there is greater ferocity in combat among the class lawyers over the allocation of attorneys' fees than there is

---

[1] Ninth Circuit rule 39-1.3. entitled Cost of Reproduction provides: In taxing costs for photocopying documents, the clerk shall tax costs at a rate not to exceed 10 cents per page, or at actual cost, whichever is less. (Rev. 1/1/05; 12/1/09)

[2] On April 12, 2013, Wells Fargo posted that it had a net income of $5.2 billion for the first 1/4 of 2013. https://www.wellsfargo.com/downloads/pdf/press/1q13pr.pdf? Thus, this settlement will cost the bank 1/3 of 1 percent of one quarter's net income.

[3] $2.90 is .58 of 1 percent of $500.00.

between the class lawyers and the defendants. The contest among the lawyers is a zerosum game. But the contest between them and the defendants is a positive-sum game because the class lawyers are naturally very interested in the fee component of any settlement, while the defendants care only about the size of the settlement, including fees. So the lawyers may be willing to settle for less for the class if the defendants will help them obtain a generous fee award, and the defendants will be happy to help them if the sum of the fee award and the relief granted to the class is smaller than it would be if the class lawyers pressed for more generous relief for the class. e.g., *Thorogood v. Sears, Roebuck & Co.*, 624 F.3d 842, 848-49 (7th Cir. 2010); *Vollmer v. Selden*, 350 F.3d 656, 660 (7th Cir. 2003); *Reynolds v. Beneficial National Bank*, 288 F.3d 277, 282 (7th Cir. 2002); *In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768, 778, 802 (3d Cir. 1995); *Weinberger v. Great Northern Nekoosa Corp.*, 925 F.2d 518, 524 (1st Cir. 1991).

Indeed, class lawyers may try to fend off interlopers who oppose a proposed settlement as insufficiently generous to the class; and given the role of such interlopers in preventing cozy deals that favor class lawyers and defendants at the expense of class members, their requests for fees must not be slighted. *Mirfasihi v. Fleet Mortgage Corp.*, 356 F.3d 781, 782-83 (7th Cir. 2006); *Vollmer v. Selden*, supra, 350 F.3d at 659-60; *Crawford v. Equifax Payment Services*, Inc., 201 F.3d 877, 880-82 (7th Cir. 2000); *In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation*, supra, 55 F.3d at 803. *In re Trans Union Corp. Privacy Litigation*, 011411 FED7, 10-1154 (7th Cir 2011)."

Pursuant to Rule 7 FRAP. Class Counsel is entitled to a bond for the costs the Ninth Circuit has found taxable pursuant to Rule 39 FRAP, but not anything more.

### A.
### THE APPEAL IS NO FRIVOLOUS

The overarching theme of Class Plaintiffs' request for a $59,425.99 bond in this case is that Objector/Appellant's objections to class counsel's fees are frivolous, and that Objector/Appellant's Appellate counsel are "professional objectors"[4] who pursue objections for improper purposes.  It is beyond unlikely that the Ninth Circuit will find that a challenge to the propriety of Class Counsel settling class claims worth $2.4 billion in statutory damages for less than 1percent of their value, in light of this Defendants obvious ability to pay,  to be frivolous or without merit.  As pointed out in Appellant's objections in this matter; " However, in this matter statutory damages are available.  Thus, if you win at trial by establishing violation of the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227(b)(3), everyone in the class gets $500.00.   So, the question in this matter is, does the class really only have a 1% chance, or less of winning this case?  After all if there we a 10% chance of winning the settlement value would be $216,800,000.00."

An appeal is frivolous only if "the result is obvious or if the claims of error are wholly without merit." *DeWitt v. Western Pacific Railroad* Co., 719 F. 2d 1448, 1451( 9th Cir. 1983). The fact that there is a body of federal jurisprudence regarding class actions shows reasonable people often differ on these issues.  28 U.S.C. Section 1927, which might support a bond for "vexatious litigation conduct," is inapplicable to this appeal as it requires "bad faith or intentional

---

[4]Although class counsel may prefer *pro se* objectors, or objectors counsel with no experience in class actions, due process, assures objectors the right to professional representation.

misconduct by counsel." Furthermore, it is well established that whether an appeal is frivolous is solely within the purview of the appellate court, not the district court. *Vaughn v. American Honda Motor Co., Inc.*, 507 F.3d 295, 299 (5th Cir. 2007); *Cooter & Gell v. Hartmax Corp.,* 496 U.S. 384, 407 (1990); *In re American President Lines, Inc.,* 779 F.2d 714, 717 (D.C. Cir 1985). Only the appellate court has the authority to impose sanctions for a frivolous appeal. *Azizian* at 960; *In re Vasseli,* 5 F.3d 351, 353 (9th Cir 1993) citing *In re American President Lines, Inc.,* 779 F.2d 714, 717 (D.C. Cir. 1985).

**B.**
**BONDABLE COSTS DO NOT INCLUDE ADMINISTRATIVE DELAY COSTS OR INTEREST ON THE SETTLEMENT FUND THAT THROUGH CLASS COUNSEL'S NEGLIGENCE ISN'T SITTING IN ESCROW**

Class Counsel suggests that this Court has the authority to include Delay Costs as a cost bondable under Rule 7. However, the Ninth Circuit has never approved including estimated administrative costs as properly includable in a Rule 7 bond; and the leading case in this Circuit*, Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 2007 U.S. App. LEXIS 20070 (9th Cir. Cal. 2007) does not explicitly, or implicitly say that such costs are bondable. As the *Azizian* Court noted:

> "Award of appellate attorney's fees for frivolousness under Rule 38 is highly exceptional, making it difficult to gauge prospectively, and without the benefit of a fully developed appellate record, whether such an award is likely. *Cf. Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648-49 (9th Cir. 1997) (discussing the "high threshold" for sanctions in district court under Fed. R. Civ. P. 11). **Moreover, a Rule 7 bond including the potentially large and**

5

**indeterminate amounts awardable under Rule 38 is more likely to chill an appeal than a bond covering the other smaller, and more predictable, costs on appeal**. Finally, in contrast to ordinary fee shifting and cost provisions, Rule 38 authorizes an award of appellate attorney's fees not simply as incident to a party's successful appellate defense or challenge of a judgment below, but rather as a sanction for improper conduct on appeal. While Rule 39 expressly authorizes the district court to tax certain costs on appeal, and while it is usually the district court that ultimately determines entitlement to expenses including attorney's fees on appeal under fee-shifting statutes, only the court of appeals may order the sanction of appellate attorney's fees under Rule 38. See Fed. R. App. P. 38.

[961] We agree with the D.C. Circuit that the question of whether, or how, to deter frivolous appeals is best left to the courts of appeals, which may dispose of the appeal at the outset through a screening process, grant an appellee's motion to dismiss, or impose sanctions including attorney's fees under Rule 38. *In re Am. President Lines*, 779 F.2d at 717. Allowing districts court to impose high Rule 7 bonds on where the appeals might be found frivolous risks "impermissibly encumber[ing]" appellants' right to appeal and "effectively preempt[ing] this Court's prerogative" to make its own frivolousness determination. *Id*. at 717, 718; see also *Adsani*, 139 F.3d at 79 (HN20 "[**A**]**ny attempt by a court at preventing an appeal is unwarranted and cannot be tolerated.**") (quoting *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974))." (Emphasis added)

Thus, although Class Counsel cites to district court cases within this Circuit that

have included such costs, those Orders have not been reviewed (or approved) by the Ninth Circuit, and are not binding on this court.

As the Court is aware, it is the common practice for Class Counsel to secure the funds for the settlement as early as possible as part of the settlement agreement. That way the interest on the fund accrues to the benefit of the class members. In this matter, Class Counsel has failed to do so. Assuming arguendo that it was in Well Fargo Bank's interest to secure its release of all liability for only $17.1 million dollars, it is difficult to see why the bank would not have paid the funds into escrow at the time of preliminary approval. Therefore, the lost interest should logically be attributable to Class Counsel's error, which should then assist Class Counsel in discouraging this appeal.

## **CONCLUSION**

The underlying cause of action in this matter is not complex and comes down to a simple proof question. Therefore, there is no legal or factual support for the imposition of a Rule 7 bond that exceeds the $1,000.00 in estimated actual copying costs in this appeal. No other cost proposed to be bonded is bondable under Rule 7 as interpreted by the Ninth Circuit, to date. This Court should find the $5,000.00 estimate of 50,000 pages of copying costs to be disingenuous at best, and should set the appeal bond requested by Class Counsel at $1,000.00.

                                                    Respectfully submitted,

                                                    /s/ Michael D. Luppi  
                                                    Michael D. Luppi  
                                                    CA Bar Number: 55865  
                                                    Attorney for Objector/Appellant  
                                                    Julius Dunmore  
                                                    11366 Christy Ave  
                                                    Sylmar, CA 91342  
                                                    (818)897-3344  
                                                    girlfriwp@aol.com

## **PROOF OF SERVICE**

I hereby certify that on July 26, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the electronic mail notice list; and I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 26, 2013.

/s/ Michael D. Luppi
Michael D. Luppi
