Timothy R. Hanigan (Bar No. 125791)
LANG, HANIGAN & CARVALHO, LLP
21550 Oxnard Street, Suite 760
Woodland Hills, California 91367
Tel: (818) 883-5644
Fax: (818) 704-9372
Email: trhanigan@gmail.com

*Attorneys for Objector Gordon Morgan*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO MALTA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE FEDERAL HOME LOAN MORTGAGE CORPORATION a/k/a FREDDIE MAC, WELLS FARGO HOME MORTGAGE, INC.,<br><br>*Defendants.* | Case No. 3:10-cv-01290-BEN-NLS<br><br>Judge: Hon. Roger T. Benitez |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR APPEAL BOND**

Introduction

Class counsel seeks an appeal bond of $59,425.99, broken down as follows: (1) $5,000 for costs associated with preparation of the record on appeal and transcript costs, (2) costs associated with delay in amount of

$18,425.99 and (3) up to $36,000 in additional claims administrator costs. As an initial matter, and as explained in further detail below, only $5,000 of the $59,425.99 is bondable under *Azizian* and other relevant authority. Additionally, delay costs are not includible in a Rule 7 appeal bond. Furthermore, the requisite showing for an appeal bond is not met even for the lesser amount of $5,000.

There is no legal or factual basis for granting the full $54,425.99 of the requested bond. Objector Gordon Morgan ("Objector" or "Morgan") respectfully requests that the Court deny the requested relief.

### Statement of Joinder in Dunmore Response

Objector Morgan hereby joins in and incorporates herein by reference Objector Julius Dunmore's Response to Plaintiffs' Motion for Posting of an Appeal Bond (Dkt. 110) as though set forth in full and Mr. Morgan wishes to attribute his reliance upon such response in this pleading.

### Plaintiffs' Motion for Posting of an Appeal Bond
### Procedural Background

In June of 2010 a lawsuit was filed alleging that the defendant violated federal law by making solicitation calls to customers' cell phones using an automated telephone dialer without customers' prior express consent. Morgan filed his objection to the proposed settlement in this lawsuit on June 5, 2013. Dkt. 65. On June 21, 2013, after conducting a fairness hearing, the court granted approval of the settlement in a Final Judgment and granted attorneys' fees in the full amount request by class counsel in their motion for

2

final approval. Dkt. 91, Dkt. 92 (as modified by Dkt. 96), and Dkt. 60. On July 18, 2013, Morgan filed a notice of appeal objecting to the approval of the settlement and of the grant to attorneys' fees. Dkt. 104.

Plaintiffs responded to appeals of the approval of the settlement and attorneys' fees with motions clearly designed to deter objectors from making those appeals. On July 23, 2013, Plaintiffs filed a memorandum in support of a motion requesting an appeal bond in the amount of $59,425.99 from Morgan. Dkt. 109—1. Prior to that, on July 12, Plaintiffs had filed a similar motion requesting that the court order objector Julius Dunmore also to post a bond in the amount of $59,425.99. Dkt. 103.

## I.   This Appeal is Not Frivolous.

Contrary to the groundless allegations by plaintiffs intent upon sidelining a meritorious appeal, Morgan's objection is not a frivolous "boilerplate" filing. Morgan makes a strong argument about the financial loss Wells Fargo is avoiding with the release it will be granted by virtue of this settlement. Dkt. 65 at 3—5. The release from potential liability of Wells Fargo from millions of dollars in statutory damages pursuant to the Telephone Consumer Protection Act, in light of the recovery by the class, is strongly suggestive of a settlement that is neither fair, adequate, nor reasonable.

Plaintiffs also state that "bonds are commonplace in class actions where professional objectors file spurious objections and appeals." Memo of

3

Plaintiffs in Support of Motion for Appeal Bond ("Pls. Memo") at 2. Although the real issue here is an illegal appeal bond, it is worth noting that Morgan's counsel has successfully appealed to decision multiple abusive class action settlements. *In re Baby Products Antitrust Lit.*, No. 12-1165, -1166, -1167 (3d Cir. Feb. 19, 2012); *Dennis v. Kellogg*, 697 F.3d 858 (9th Cir. 2012). The parties, plainly afraid of another meritorious appeal, are seeking to impose illegal and unconscionable burdens for improper purposes upon Morgan's right to appeal. The goal is obviously "to make the cost of litigation so high that [Morgan] would be forced to abandon the fight." *Chapman & Cole v. Itel Container Int'l B.V.*, 865 F.2d 676, 683-84 (5th Cir. 1989). As *Chapman & Cole* notes, this merits sanctions. This is especially true given the plaintiffs' and defendants' abusive briefing that fails to mention the relevant legal rule.

     And Morgan has paid his filing fee. Thus, there is no power for this court to determine the appeal frivolous and attempt to deter an appeal. Whether an appeal is frivolous is decided by courts of appeal, not trial courts. *Azizian,* 499 F.3d at 960-61; *In re American President Lines, Inc.,* 779 F.2d 714, 717 (D.C. Cir 1985). Where a lower court requested an appellant post a $10,000 bond "because the appeal likely would be found to be frivolous," the D.C. Circuit stated that the lower court's reasoning did not sustain a bond in that amount. The appeal court stated that "a bond may cover only taxable costs, not attorneys' fees or other expenses" and reduced the bond to $450 to cover the allowable costs on appeal. *In re American President Lines, Inc.* 779

4

F.2d 714, 716 (D.C. Cir. 1985). If the 9th Circuit determines that Appellants' appeal is frivolous, it has the option of taking action at that time.

## II. The Court's Discretion in Awarding an Appeal Bond Is Limited.

Appeals possessing merit are a matter of right. *In re American President Lines, Inc.*, 779 F.2d 714, 718 (D.C. Cir. 1985) (*citing Coppedge v. United States,* 369 U.S. 438, 441-442 (1962)). "Courts accordingly must be wary of orders, even those well-meaning, that might impermissibly encumber that right." *Id.* (*citing North Carolina v. Pearce,* 395 U.S. 711, 724 (1969) ("[a] court is without right to ... put a price on an appeal. A defendant's exercise of a right of appeal must be free and unfettered" (internal quotation and citation omitted)). *Accord Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974) ("any attempt by a court at preventing an appeal is unwarranted and cannot be tolerated"). And the Fifth Circuit held that a district court abused its discretion when basing the amount of an appeal bond on its determination of the probable denial of an appeal by the appeals court. *Vaughn v. American Honda Motor Co., Inc.*, 507 F.3d 295, 299 (5th Cir. 2007).

A district court does *not* have any "inherent or rule-based power" to impose an appeal bond beyond "security for payment of costs on appeal." *American President Lines,* 779 F.2d at 716, 718-19; *accord Hirschensohn*. Moreover, the "costs referred to [in Rule 7] are simply those that may be taxed against an unsuccessful litigant under Federal Appellate Rule 39."

*American President Lines,* 779 F.2d at 716; *accord Hirschensohn* (Rule 7 does not grant authority to receive a bond for attorneys' fees) (only Rule 39 costs are included in appeal bond).

Nor do "taxable costs" include costs of delay. While the plaintiffs claim they are seeking an appeal bond, what they are really seeking is a *supersedeas* bond under Fed. R. App. Proc. 8, which is a bond for the costs of delay. The difference between a *supersedeas* bond and an appeal bond is important: an appeal bond is a precondition for appeal, while an appellant can choose to forgo paying a *supersedeas* bond. *American President Lines*, 779 F.2d at 717-18. But there is no question that the requirements for Fed. R. App. Proc. 8 are not met because Morgan has not sought a stay of this Court's ruling. Fed. R. App. Proc. 7 does not give a district court authority to write Fed. R. App. Proc. 8 out of the rules of federal procedure and require a bond for costs of delay as a precondition for appeal. *American President Lines*, 779 F.2d at 718-19.

### III.   Plaintiffs Exaggerate Their Expected Costs.

Plaintiffs claim that they will incur $5,000 in costs in printing briefs, but as discussed below, this estimation is plainly exaggerated. Plaintiffs simply state that the bond amount includes "the estimated cost to the class of $5,000 in connection with preparation of the record on appeal and transcript costs." Pls. Memo at 1-2.

*First*, plaintiffs are *appellees* here. An appellant files an opening brief and a reply brief; an appellee files a single response brief for what will certainly be consolidated appeals in this case.

The baseless claim of $5,000 is a potentially sanctionable exaggeration, and even requesting this much in an appeal bond would be reversible error. *See, e.g., Azizian*, 499 F.3d at 962 (vacating $40,000 of $42,000 initial bond order); *Vaughn*, 507 F.3d at 300 (reducing bond from $150,000 to $1,000); *Enfamil*, 2012 U.S. Dist. LEXIS 49254 ($1,000 bond for costs); *In re Checking Account Overdraft Litig.* MDL No. 2036, 2012 U.S. Dist. LEXIS 18384, at *47 n.6 (S.D. Fla. Feb. 14, 2012) ($5,000 cost bond in an appeal involving 60 member cases). When the sum sought "simply does not correlate with the taxable costs under Rule 39(e) that are likely to accrue on appeal" the bond should be denied. *Pan Am Grain Mfg. Co. v. Puerto Rico Ports Auth.*, 193 F.R.D. 26, 43 (D.P.R. 2000) (citing *Lundy v. Union Carbide Corp.*, 598 F. Supp. 451, 452 (D. Or. 1984)).

*Second*, and more importantly, the plaintiffs fail to mention Fed. R. App. P. 30(a)(1) and 30(b)(2): the preparation of and costs of the excerpts of record are the responsibility of the *appellant,* not the appellee, and the plaintiffs will not incur any taxable costs regarding inclusion of necessary materials in the excerpts of record. Bonds for cost should be denied where there is "no particular showing of a 'need' for the bond beyond the fact that the appellee anticipates expending funds in relation to the defense of the

appeal and would like a bond to be posted to assure those costs will be paid." *Nalder v. United Auto. Ins.*, No. 2:09-cv-1348-ECF-GWF, 2011 U.S. Dist. LEXIS 119112, at *4 (D. Nev. Oct. 14, 2011).

The failure of the plaintiffs to produce any competent evidence about their actual recoverable taxable costs under Fed. R. App. P. 39 in this appeal precludes the Court from issuing an appeal bond. *American President Lines*, *supra* (appeal bond can only be based on demonstrable actual taxable costs on appeal); *In re Emfamil Lipil Mktg. and Sales Prac. Litig.*, No. 11-md-02222, 2012 U.S. Dist. LEXIS 49254, at *16-*18 (S.D. Fla. Apr. 9, 2012) (even a $5,000 appeal bond could not be sustained without documentation).

Plaintiffs are correct that, under Rule 39(e), costs of preparation and transmission of the record and transcript on appeal <u>are</u> taxable. But the costs in the Ninth Circuit are limited to ten cents per page. The claim of $5,000 in costs is plainly exaggerated, since the appellees' only expense will be paper copies of a single 14,000-word appellees' brief. Plaintiffs would have to print 50,000 pages to justify costs of $5,000. Actual costs cannot be more than $1,000.

Even assuming that the appellees manage to print 50,000 pages to generate that 14,000-word brief, there is no risk that Morgan will not pay a legitimate bill of costs under Rule 39. Morgan's counsel, as part of his ethical duties as an attorney, agrees that he will pay any copying costs ordered by

the Ninth Circuit in the unlikely event he loses his appeal, and the settling parties present no evidence to the contrary.

## IV.   If the Court Grants the Motion, Appellants Request a Stay.

Any appeal bond over $1,000 and, additionally, any appeal bond order that includes a demand to post the bond or dismiss the appeal would violate Ninth Circuit law. If the Court grants such a motion, appellants will need to seek relief in the Ninth Circuit; appellate rules require appellants to first seek a stay here. To expedite matters and minimize delay, appellant requests that, if plaintiffs' motion is granted, the issued order explicitly state that either the ruling is stayed while Ninth Circuit review is sought or that the motion for stay is denied so that appellants can immediately turn to the Ninth Circuit for review of what would be an *ultra vires* order.

## Conclusion

Plaintiffs request an appeal bond that improperly includes items outside the scope of Fed. R. App. Proc. 7. All arguments about "professional objectors" and frivolous appeals aside, the issue here is one of simple math: here, as discussed above, allowable costs bondable under Rule 7 cannot be more than $1,000. The motion should be denied, and in no event should an appeal bond be issued in excess of $1,000.

Date:  August 5, 2013                    Respectfully submitted,

By:   */s/ Timothy R. Hanigan*
Timothy R. Hanigan (Bar No. 125791)
LANG, HANIGAN & CARVALHO, LLP
21550 Oxnard Street, Suite 760

                                              Woodland Hills, California 91367
                                              Tel: (818) 883-5644
                                              Fax: (818) 704-9372
                                              Email: trhanigan@gmail.com

                                              *Attorneys for Objector Gordon Morgan*

## PROOF OF SERVICE

I hereby certify that on the 5th day of August 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system thus effectuating service of such filing all ECF registered attorneys in this case. I further certify that I caused the foregoing document to be sent via USPS First Class mail to the following participants, postage prepaid, at the addresses listed below:


Jarod Weatherford
PO Box 747
Aiea, HI 96701

Walter Clark
1721214
330 S. Casino Center
Las Vegas, NV 89101

                                          */s/ Timothy R. Hanigan*
                                          Timothy R. Hanigan