Timothy R. Hanigan (Bar No. 125791)
LANG, HANIGAN & CARVALHO, LLP
21550 Oxnard Street, Suite 760
Woodland Hills, California 91367
Tel: (818) 883-5644
Fax: (818) 704-9372
Email: trhanigan@gmail.com

*Attorneys for Objector Gordon Morgan*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO MALTA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>*Plaintiffs,*<br><br>v.<br><br>THE FEDERAL HOME LOAN MORTGAGE CORPORATION a/k/a FREDDIE MAC, WELLS FARGO HOME MORTGAGE, INC.<br><br>*Defendants.* | Case No. 3:10-cv-01290-BEN-NLS<br><br>Judge:  Hon. Roger T. Benitez |

GORDON MORGAN AND TIMOTHY R. HANIGAN'S OPPOSITION TO
MOTION FOR PERMISSION TO DEPOSE OBJECTORS AND
SEEK DOCUMENTS FROM OBJECTORS AND THEIR COUNSEL

Introduction and Procedural Background

Class counsel seeks, among other things, to depose objectors and to obtain documents from objectors and their counsel. Dkt. 108, 108-1, hereinafter the "Discovery Motion".  In the alternative, class counsel seeks an order requiring

objectors and their counsel to provide a declaration listing all prior objections to class action settlements and various particulars related to any appeals or settlements of those objections, if any. *Id.*

Class counsel asserts that the objections are frivolous and that any appeal from a denial of those objections would be brought in bad faith. Class counsel further asserts that the depositions and discovery are necessary in order to determine if any inappropriate conduct has occurred in any other class action settlements by objectors or their counsel from which class counsel can then deduce will result in inappropriate conduct in this case. Class counsel appears to suggest that settling objections or appeals from objections is not appropriate under any circumstances. Class counsel also suggests that any objection to a class action settlement that is not sustained by the trial court is somehow evidence of bad faith or inappropriate conduct. These arguments are all without merit.

Objector Gordon Morgan and his counsel, Timothy Hanigan, also join in and incorporate herein by reference as though set forth in full the responses or oppositions to the Discovery Motion as though set forth in full, to the extent not inconsistent with the arguments made herein.

I.   **The Role Of Objections and Appeals Therefrom**

As an initial matter, objectors play a vital role in the review of class action settlements. "[C]lass lawyers may try to fend off interlopers who oppose a proposed settlement as insufficiently generous to the class; and given the role of such interlopers in preventing cozy deals that favor class lawyers and defendants at the

expense of class members, their requests for fees must not be slighted." *In re Trans Union Corp. Privacy Litig.*, 629 F.3d 741, 743 (7th Cir. 2011) (Posner, J.). "Objectors can encourage scrutiny of a proposed settlement and identify areas that need improvement. They can provide important information regarding the fairness, adequacy, and reasonableness of the settlement terms." *Pallister v. Blue Cross and Blue Shield of Montana, Inc.*, 366 Mont. 175, 185 [285 P.3d 562, 568] (2012).

Yet class counsel seeks to frame the objection process as an inquiry not on the merits of the objection, but instead as an inquisition into the objectors' attorneys. <u>That objector's counsel has represented objectors in other class actions "has no greater bearing on the merits of the objection raised than a plaintiff's counsel's experience in filing class actions speaks to the merits of claims he brings."</u> *True v. American Honda Motor Co.*, 749 F.Supp. 2d. 1052, 1079 (C.D. Cal. 2010) (emphasis added). "Merely characterizing some of the attorneys as 'professional objectors' without specifying what, exactly, they have done that is either in bad faith or vexatious, is not enough." *Blessing v. Sirius XM Radio, Inc.*, 2011 WL 5873383 (S.D.N.Y., Nov. 22, 2011, 09 CV 10035 HB); *see also In re Lawnmower Engine Horsepower Mktg. & Sales Practices Litig.*, 2010 WL 4630846, MDL No. 08-1999 (E.D. Wisc. Nov. 2, 2010); *In re Air Cargo Shipping Svcs. Antitrust Litig.*, 2010 WL 1049269, No. 06-MD-1775 (JG)(VVP) (E.D.N.Y. Mar. 22, 2010).

Other courts have explicitly held that the motive of objectors or their counsel is simply not relevant to the merits of an objection. *See, e.g., Corpac v. Rubin & Rothman, LLC*, 2012 WL 2923514, at *2-*3 (E.D.N.Y. July 19, 1012)("[t]he Court

'fail[s] to see how motives of [Objector], other than the obvious financial once of maximizing [his] recovery, would make any fact of consequence to the determination of reasonable fees, the amount of damages or the restriction on pursuing future claims] more or less probable.'") (citing *In re Fine Paper Antitrust Litig.*, 751 F.2d 562, 587 (3d Cir. 1984)).

It is neither logically nor legally permissible to conclude that an objection is valid or invalid from outcomes in other cases, especially when those outcomes are mixed. The merits of Objectors' objections are, of course, the focus of the Court's attention, and the issue on which class counsel should have focused.

      Objectors provide a necessary function in the class action settlement process. "It is desirable to have as broad a range of participants in the fairness hearing as possible because of the risk of collusion over attorneys' fees and the terms of settlement generally... It is impossible for a class to select, retain or monitor its lawyers as an individual client would." *Great Neck Capital Appreciation Inv. Partnership, L.P. v. PricewaterhouseCoopers*, L.L.P., 212 F.R.D. 400, 412 (E.D. Wis. 2002). "Class counsel and defendants' counsel may reach a point where they are cooperating in an effort to consummate the settlement." *Id.* "Courts, too, are often inclined toward favoring the settlement, and the general atmosphere may become largely cooperative." *Id.* "Thus, objectors serve as a highly useful vehicle for class members, for the court and for the public generally." *Great Neck*, 212 F.R.D. at 412. "From conflicting points of view come clearer thinking." *Id.* at 412-13. "Therefore, a lawyer for an objector who raises pertinent questions about the terms or effects,

intended or unintended, of a proposed settlement renders an important service." *Id.* at 413.

More importantly this factual dispute over appellants' counsel's motives is completely legally irrelevant. Under Ninth Circuit law, a bad motive and a party's litigation history does not abrogate the legal right to make a meritorious argument. *Antoninetti v. Chipotle Mexican Grill* is directly on point. 643 F.3d 1165 (9th Cir. 2010). Plaintiff Antoninetti was a "serial" Americans with Disabilities Act litigant. A district court refused to grant him an injunction he was entitled to because it questioned his sincerity: "Plaintiff has sued over twenty business entities for alleged accessibility violations, and, in all (but one) of those cases, he never returned to the establishment he sued after settling the case and obtaining a cash payment." 643 F.3d at 1175. Even though the grant of injunctive relief is a question of equity, the Ninth Circuit reversed. For the legislative regime to work, "it may indeed be necessary and desirable for committed individuals to bring serial litigation." *Id. Accord Molski v. MJ Cable,* 481 F.3d 724 (9th Cir. 2007); *see also Safeco Ins. Co. v. AIG, Inc.*, 710 F.3d 754 (7th Cir. 2013) (endorsing settlement of objection at appellate level).

*Antoninetti's* reasoning is also true under Rule 23(e)(5). For the same reason class action litigation is often superior to other forms of litigation, absent class members do not have the financial incentive to object: often, just the cost of postage exceeds the amount at stake. Absent class members cannot be protected unless experienced counsel for objectors can raise objections to the multiple violations of

Rule 23 that occurred here. The improper *ad hominem* attacks against the objectors and their counsel influenced the district court's willingness to approve an abusive fee request at the expense of the class and to impose a punitive appeal bond to deter a legitimate appeal. Such *ad hominem* attacks should not preclude this Court's addressing seriously problematic errors of law on the merits.

## II. Discovery From and Depositions Of Objector Gordon Morgan Should Be Denied

Objectors are unnamed class members, and discovery of absent class members is inconsistent with Rule 23's purposes and should be only rarely permitted. *See, e.g., Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1556-57 (11th Cir. 1986). "Courts have allowed discovery to be taken from unnamed class members . . . when the information requested is relevant to the decision of common questions, the discovery is tendered in good faith and not unduly burdensome or harassing, the discovery does not require expert, technical or legal assistance to respond, and is not available from the representative parties." *Boynton v. Headwaters, Inc.*, 2009 WL 3103161, No. 1-02-111-JPM-egb, at *1 (W.D. Tenn. Jan. 30, 2009).

Specifically with respect to objectors with pending objections, courts have questioned the need for depositions. *Cf. Trombley v. Bank of America Corp.*, 2011 WL 3740488, Civ. No. 08-cv-456-JD, at *5 (D.R.I. Aug. 24, 2011) (declining to order depositions and discovery of objectors). For example, in *Corpac v. Rubin & Rothman, LLC*, 2012 WL 2923514, No. 10-CV-4165, at *2 (E.D.N.Y. Jul. 18, 2012), the court denied class counsel's request to depose the objector, reasoning that the

Federal Rules of Civil Procedure require a "strong showing" of need to depose an absent class member, and that such a showing was absent where the bases for the objector's objections were clear and either matters of statutory interpretation or based on information already within class counsel's knowledge.  The discovery, including depositions, of any objector should be denied.

### III.   Discovery From Objector's Counsel Timothy Hanigan Should Be Denied

Class counsel has no legitimate reason for Hanigan's deposition. "Depositions of opposing counsel undermine attorney-client communications, present unique opportunities for harassment, disrupt opposing counsel's preparation, may lead to opposing counsel's disqualification, and may spawn collateral litigation on issues of privilege, scope, and relevancy. Courts therefore presume that deposing opposing counsel creates an inappropriate burden or hardship, and the burden is on the party seeking the deposition to show otherwise." *Coleman v. District of Columbia*, 284 F.R.D. 16, 18 (D.D.C. 2012).  The Fifth Circuit has applied, without expressly adopting, the standard from *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), which forbids a party from deposing opposing counsel unless:  "(1) no other means exist to obtain the information, (2) the information sought is relevant and non-privileged, and (3) the information is crucial to the preparation of the case." *Nguyen v. Excel Corp.*, 197 F.3d 200, 208 (5th Cir. 1999).

Class counsel cannot satisfy their *Shelton* burden because they cannot show that Hanigan's testimony is "relevant" or "crucial" to his client's objections or the merits of the class action settlement. Class counsel plainly wants to inquire about

Hanigan's representation of objectors in *other* class actions. But his representation of objectors in other class actions "has no greater bearing on the merits of the objection raised [in this class action] than a plaintiff's counsel's experience in filing class actions speaks to the merits of claims he brings." *True* at 1079 (C.D. Cal. 2010). Essentially class counsel wants the Court to prejudge the objections based on Hanigan's outcomes in other class actions, but prejudgment would be unjustified. "Merely characterizing some of the attorneys as "professional objectors" without specifying what, exactly, they have done that is either in bad faith or vexatious, is not enough." *Blessing v. Sirius XM Radio, Inc.*, 2011 WL 5873383, No. 09 CV 10035(HB) (S.D.N.Y. Nov. 22, 2011); *see also In re Lawnmower Engine Horsepower Mktg. & Sales Practices Litig.*, 2010 WL 4630846, MDL No. 08-1999 (E.D. Wisc. Nov. 2, 2010); *In re Air Cargo Shipping Svcs. Antitrust Litig.*, 2010 WL 1049269, No. 06-MD-1775 (JG)(VVP) (E.D.N.Y. Mar. 22, 2010).

     Nor should Hanigan be subjected to questioning that places him at risk of potentially revealing attorney-client privileged communications or client confidential information that the California Rules of Professional Conduct forbid him from revealing. CA ST RPC Rule 3-100(A) (requiring that a member "shall not reveal information protected from disclosure … without the informed consent of the client," unless permitted by an exception). "The principle of client-lawyer confidentiality applies to information relating to the representation, whatever its source, and encompasses matters communicated in confidence by the client, and therefore protected by the attorney-client privilege, matters protected by the work

product doctrine, and matters protected under ethical standards of confidentiality, all as established in law, rule and policy. CA ST RPC Rule 3-100, discussion [2].

### IV. Alternative Relief Of Creating A List Of Prior Objections, Etc., Should Likewise Be Denied

For the same reasons the depositions and discovery should be denied, the alternative requested relief of providing a declaration listing all prior objections, etc..., should likewise be denied. In addition, there is no discovery mechanism under the rules of procedure that requires a non-party or his/her lawyer to create a declaration containing certain facts as requested by a party.  Discovery under the rules does not encompass or permit the type of creative "create a declaration" exercise proposed by class counsel.  The alternative request for relief is likewise without merit and should be denied.

### Conclusion And Prayer

The Motion for Permission To Depose Objectors And To Seek Documents From Objectors And Their Counsel (Dkt. 108, 108-1) is without merit and should be denied in its entirety.

Date:  August 5, 2013              Respectfully submitted,

By:  */s/ Timothy R. Hanigan*
     Timothy R. Hanigan (Bar No. 125791)
     LANG, HANIGAN & CARVALHO, LLP
     21550 Oxnard Street, Suite 760
     Woodland Hills, California 91367
     Tel: (818) 883-5644
     Fax: (818) 704-9372
     Email: trhanigan@gmail.com

     *Attorneys for Objector Gordon Morgan*

**PROOF OF SERVICE**

I hereby certify that on the 5th day of August 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system thus effectuating service of such filing all ECF registered attorneys in this case. I further certify that I caused the foregoing document to be sent via USPS First Class mail to the following participants, postage prepaid, at the addresses listed below:

Jarod Weatherford
PO Box 747
Aiea, HI 96701

Walter Clark
1721214
330 S. Casino Center
Las Vegas, NV 89101

                                        */s/ Timothy R. Hanigan*
                                        Timothy R. Hanigan