Michael D. Luppi
CA Bar Number: 55865
Attorney for Objector/Appellant Julius Dunmore
11366 Christy Ave
Sylmar, CA 91342
(818)897-3344
girlfriwp@aol.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO MALTA, on behalf of himself and all other similarly situated<br><br>Plaintiff,<br><br>v.<br><br>THE FEDERAL HOME LOAN MORTGAGE CORPORATION a/k/a FREDDIE MAC; WELLS FARGO HOME MORTGAGE, INC.<br>Defendants.<br>, | Case No.: 3:10-CV-1290 BEN (NLS)<br><br>**OBJECTOR JULIUS DUNMORE'S RESPONSE TO PLAINTIFFS' MOTION FOR PERMISSION TO DEPOSE JULIUS N. DUNMORE, JR. AND GORDON B. MORGAN, AND SEEK DOCUMENTS FROM JULIUS DUNMORE, JR., GORDON MORGAN, N. ALBERT BACHARACH, AND TIMOTHY R. HANIGAN**<br><br>Date:   August 19, 2013<br>Time:   10:30 a.m.<br>Place:  Courtroom 5A<br>Judge: Hon. Roger T. Benitez |

Objector/Appellant Julius Dunmore, through his undersigned counsel, responds to Plaintiffs' Motion for Permission to Depose Julius N. Dunmore, Jr. and Gordon B. Morgan, and Seek Documents from Julius Dunmore, Jr., Gordon Morgan, N. Albert Bacharach, and Timothy R. Hanigan, and states:

Class Counsel seek the Court's permission to depose Julius N. Dunmore, Jr. and Gordon

B. Morgan, and seek documents from Julius N. Dunmore, Jr. and his appellate attorney, N. Albert Bacharach (*sic*), and Gordon B. Morgan and his attorney Timothy R. Hanigan.  This response only pertains to the request to depose Julius N. Dunmore, Jr. and seek documents from Julius N. Dunmore, Jr. and his appellate attorney N. Albert Bacharach (*sic*).

In language cut and pasted from some Ninth Circuit document regarding *pro se* objectors Class Counsel's memorandum (Doc 108-1 page 2) incorrectly states "During the pendency of the action in the district court, "**pro per**" objections were made by a Jada Longchamp (including her husband Harad Longchamp), **Julius Dunmore (pro se)**, Gordon Morgan (pro se), Thomas V. Crajenta, Jarod Weatherford, Patricia K. Thomas, and James Wood (collectively the 'Objectors")" (emphasis added)

In fact Objector/Appellant Julius Dunmore has never appeared *pro se* or *pro per* before this Court.  As one of Mr. Dunmore's Counsel of record I filed his objections with this court on June 6, 2013. (Doc 60)   Furthermore, on June 19, 2013 David Hall entered his appearance as associated counsel for Mr Dunmore (Doc 89) and appeared and argued Mr. Dunmore's objections before this Court at the Fairness Hearing.

The cut and paste continues and the memorandum goes on to incorrectly allege "Mr. Dunmore, who is a serial objector himself, is represented by serial objector N. Albert Bacharach (*sic*) ("Mr. Bacharach"). Mr. Bacharach recently joined in as appellate counsel when Plaintiffs filed for an appeal bond, which is currently pending before this Court."

N. Albert Bacharach, Jr. is Mr. Dunmore's appellate counsel before the Ninth Circuit in Case No. 13-56191. (Doc 100).  Mr Bacharach does not represent Mr. Dunmore before this

2

Court.  Mr bacharach filed his appearance with the Ninth Circuit on July 9, 2013[1], three days prior to Class Counsel, who are all on the Ninth Circuit service list, filed for an appeal bond on July 12, 2013 (Doc 103).

Thus it can be seen that Class Counsel's allegations that Objector/Appellant Julius Dunmore was *pro se* or *pro per* before this Court and well as the other factual contentions regarding his Appellate counsel Mr. Bacharach have no evidentiary support on the face of the record: (Doc 60), (Doc 89), (Doc 100), and (Doc 103).

At the Fairness Hearing, Objector Dunmore through his counsel David Hall made a substantive presentation.  Subsequently, this Court neither found nor intimated that Dunmore's objections were frivolous.  Thus it is evident that Class Counsel only seeks to harass Objector/Appellant Dunmore and chill his due process rights to lodge legitimate objections and appeal from an unfavorable ruling.

In urging this Court to reject Class Counsel's request for discovery, Objector Dunmore

---

[1] **United States Court of Appeals for the Ninth Circuit**
Notice of Docket Activity The following transaction was entered on 07/09/2013 at 1:17:43 PM PDT and filed on 07/09/2013
Case Name:    Julius Dunmore, et al v. FHLMC, et al
Case Number: 13-56191
Docket Text:   Added attorney N. Albert Bacharach Jr. for Julius Dunmore, in case 13-56191. [8696283] (MT)
Notice will be electronically mailed to:
Mr. N. Albert Bacharach, Jr., Attorney
Mr. Douglas James Campion, Attorney
Mr. Seyed Abbas Kazerounian, Attorney
Mark Douglas Lonergan, Attorney
Joshua Swigart

requests the Court to note the severe limitations placed on discovery in all of the cases cited by Class Counsel.  In those cases, the court allowed Class Plaintiff to seek limited, narrowly focused discovery from objectors prior to the Fairness hearing.  Those District Courts only allowed objector discovery to includ: a deposition limited to Objectors' standing as class members, factual support for their objections, whether they have objected in other cases, and if so, the circumstances of such objections including any compensation they received; and production of documents limited to documents concerning the existence of an attorney-client relationship and fee arrangements, any objections filed in other cases by the Objector.  *See* Exhibits B, C and D attached to Class Counsel's motion and memorandum.

      Additionally, the discovery orders were crafted to preclude Class Counsel from obtaining documents from an Objector pertaining to objections filed in other cases by counsel for the objector. *See* Exhibits B, C and D attached to Class Counsel's motion and memorandum.

      Courts simply do not allow deposition's of, or production from Objector's counsel, much less their appellate counsel, such as Mr Bacharach.

      The overarching theme of this motion is "discovery [is] needed to prove to the Court of Appeal (*sic*) that the (*sic*) Mr. Dunmore, Mr. Bacharach, Mr. Morgan and Mr. Hanigan have a practice of making frivolous objections and bringing appeals for improper purposes."  It is beyond unlikely that the Ninth Circuit will find that a challenge to the propriety of Class Counsel settling class claims worth $2.4 billion in statutory damages for less than 1percent of their value, in light of this Defendants obvious ability to pay, to be frivolous or without merit.  Clearly this Court did not.  In it's Final Judgment and Order of Dismissal with Prejudice (Doc 91) this Court

wrote "After consideration of each of the objections, the Court hereby overrules such objections.".

As pointed out in Appellant's objections in this matter; "in this matter statutory damages are available.  Thus, if you win at trial by establishing violation of the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227(b)(3), everyone in the class gets $500.00.  So, the question in this matter is, does the class really only have a 1% chance, or less of winning this case?  After all if there we a 10% chance of winning the settlement value would be $216,800,000.00."

An appeal is frivolous only if "the result is obvious or if the claims of error are wholly without merit." *DeWitt v. Western Pacific Railroad* Co., 719 F. 2d 1448, 1451( 9th Cir. 1983).  The fact that there is a body of federal jurisprudence regarding class actions shows reasonable people often differ on these issues.  28 U.S.C. Section 1927, which might support a bond for "vexatious litigation conduct," is inapplicable to this appeal as it requires "bad faith or intentional misconduct by counsel."  Furthermore, it is well established that whether an appeal is frivolous is solely within the purview of the appellate court, not the district court. *Vaughn v. American Honda Motor Co., Inc.*, 507 F.3d 295, 299 (5th Cir. 2007); *Cooter & Gell v. Hartmax Corp.,* 496 U.S. 384, 407 (1990); *In re American President Lines, Inc.,* 779 F.2d 714, 717 (D.C. Cir 1985).  Only the appellate court has the authority to impose sanctions for a frivolous appeal. *Azizian* at 960; *In re Vasseli,* 5 F.3d 351, 353 (9th Cir 1993) citing *In re American President Lines, Inc.,* 779 F.2d 714, 717 (D.C. Cir. 1985).

**CONCLUSION**

In the words of Class Counsel "[t]his motion focuses on discovery needed to prove to the Court of Appeal (*sic*) that the (*sic*) Mr. Dunmore, Mr. Bacharach, Mr. Morgan and Mr. Hanigan have a practice of making frivolous objections and bringing appeals for improper purposes."

However, this court, in it's Final Judgment and Order of Dismissal with Prejudice (Doc 91) only found that there were 7 objections filed by class members and then, after naming the objectors, stated "After consideration of each of the objections, the Court hereby overrules such objections." Thus it is clear on the face of the record that this Court did not find the Dunmore objections to be frivolous, and for the reasons set forth above it is unlikely that the Ninth Circuit will do so.

At best Class Counsel is requesting permission to go fishing; more likely, this "discovery" request is yet another attempt to harass Objector/Appellant Dunmore and attempt to short-circuit Objector/Appellants perfected appeal in this matter.

Thus this Court should deny Class Counsel's frivolous Motion for Permission to Depose Julius N. Dunmore, Jr. And Gordon B. Morgan, and Seek Documents from Julius Dunmore, Jr., Gordon Morgan, N. Albert Bacharach, and Timothy R. Hanigan as said motion pertains to Dunmore and Bacharach; and give serious thought to both: whether Class Counsel's motion was presented for the improper purpose of harassing Objector/Appellant Julius Dunmore into dropping his appeal and thereby caused unnecessary delay and needless cost to the appeal; and whether the allegations that Objector/Appellant Julius Dunmore was *pro se* or *pro per* before this Court and well as the other factual contentions regarding his Appellate counsel Mr. Bacharach

have any evidentiary support.

                                                Respectfully submitted,

                                                /s/ Michael D. Luppi
                                                Michael D. Luppi
                                                CA Bar Number: 55865
                                                Attorney for Objector/Appellant Julius Dunmore
                                                11366 Christy Ave
                                                Sylmar, CA 91342
                                                (818)897-3344
                                                girlfriwp@aol.com

## **PROOF OF SERVICE**

      I hereby certify that on August 5, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the electronic mail notice list; and I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      Executed on August 5, 2013.

                                                /s/ Michael D. Luppi

                                                Michael D. Luppi