1  **KAZEROUNI LAW GROUP, APC**
2  Abbas Kazerounian, Esq. (SBN: 249203)
3  ak@kazlg.com
   2700 N. Main Street, Suite 1000
4  Santa Ana, California 92705
5  Telephone: (800) 400-6808
   Facsimile: (800) 520-5523
6
7  [Additional Attorneys
   Listed On Signature Page]
8
   *Attorneys for Plaintiffs*
9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ALBERTO MALTA, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,**<br><br>**PLAINTIFFS,**<br><br>V.<br><br>**THE FEDERAL HOME LOAN MORTGAGE CORPORATION A/K/A FREDDIE MAC, AND WELLS FARGO HOME MORTGAGE, INC.,**<br><br>**DEFENDANTS.** | Case No: 10-CV-1290-BEN-NLS<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PERMISSION TO DEPOSE JULIUS N. DUNMORE, JR. AND GORDON B. MORGAN, AND SEEK DOCUMENTS FROM JULIUS N. DUNMORE, JR., GORDON B. MORGAN, N. ALBERT BACHARACH, AND TIMOTHY R. HANIGAN**<br><br>**Date**:  August 19, 2013<br>**Time**:  10:30 a.m.<br>**Crtrm**: 5A<br>**Judge**: Hon. Roger T. Benitez<br><br>**Oral Argument Requested** |

I.  **THE AUTHORITY RELIED UPON BY DUNMORE AND MORGAN DOES NOT REFUTE PLAINTIFFS' POSITION THAT CLASS COUNSEL MAY PROPERLY SEEK AND OBTAIN DISCOVERY FROM BOTH OBJECTORS**

In Plaintiffs' motion for discovery, Plaintiffs put forward several cases supporting Plaintiffs' proper request to seek discovery from objectors Julius N. Dunmore ("Mr. Dunmore") and Gordon B. Morgan ("Mr. Morgan"), *see* Pls.' Memo., 5:24-6:3; 7:1-8:10, for the purpose of showing the frivolousness of the objections and appeals filed by both objectors whose desire it is to extract a settlement from Class Counsel in exchange for dropping their meritless appeals (*id.* at 3:15-4:6; p. 3, n. 5). Mr. Dunmore and Mr. Morgan's opposition briefs fail to demonstrate that Plaintiffs' request for limited discovery should not be granted.

   A.  **The Case Law Relied Upon By Mr. Dunmore and Mr. Morgan Does Not Insulate Them From The Requested Discovery**

In Mr. Morgan's opposition brief, Mr. Morgan cites to inapplicable, non-controlling and easily distinguishable case law in a futile attempt to prevent relevant and necessary discovery requested by Plaintiffs (*see* Dkt. No. 108). Also, Mr. Dunmore does not cite a single case that supports his position that this Court should decline to permit the requested discovery.

The case *In re Trans Union Corp. Privacy Litig.*, cited by Mr. Morgan, does not undercut Plaintiffs' position that the Court may permit Plaintiffs to seek discovery from objectors Mr. Morgan (as well as from Mr. Dunmore). In *Trans Union Corp. Privacy Litig.*, 629 F.3d 741 (7th Cir. Ill. 2011), Judge Posner did not address the propriety of seeking discovery from objectors to class action settlement. Judge Posner merely expressed his opinion, in *dicta*, that some defendants may be more interested in helping class counsel obtain a generous attorneys fee award than protecting the interests of the class members. *Id.* at 743. However, here, Class Counsel requested, and was awarded, less than 25% of the Settlement Fund (i.e., 22.5%), which is <u>less</u> than the Ninth Circuit's benchmark,

and less than the amount the parties agreed would be appropriate in this case. Mr. Morgan and Mr. Dunmore refuse to acknowledge the fact that the settlement in this case is the second largest monetary settlement, under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii) (the "TCPA"), in the nation to date (Dkt. No. 60-1, 21:9-11), and that each of the claimants (120,547 timely claims and 153 late claims) is to receive $84.78 (Dkt. No. 96).[1]

The *True v. Am. Honda Motor Co.*, 749 F. Supp. 2d 1052 (C.D. Cal. 2010) case, quoted by Mr. Morgan, addressed whether a proposed settlement was fair and reasonable at the final approval stage, not whether the Court may order discovery from objectors. Plaintiffs seek discovery from Mr. Morgan and Mr. Dunmore in order to show to the Court of Appeals that the objections and appeals by Mr. Dunmore and Mr. Morgan are frivolous. Also, the *True* case "involved a settlement where twenty-five Attorneys General and one state Office of Consumer Affairs filed opposition to the initial proposed settlement" (*In re Uponor, Inc.*, 2012 U.S. Dist. LEXIS 90294, *34 (D. Minn. June 29, 2012)), which is far from the case here where not a single attorney general or state official objected to the settlement.

The Court in *Blessing v. Sirius XM Radio Inc.*, 2011 U.S. Dist. LEXIS 134628, *15 (S.D.N.Y. Nov. 22, 2011), cited by Mr. Morgan, actually cites the case of *In re Initial Public Offering*, 728 F. Supp. 2d at 294-95 and summarized it as follows: "finding vexatious conduct where, in addition to the fact that attorneys were professional objectors, one attorney had sought an exorbitant fee from Class Counsel in exchange for withdrawing their appeal…" Similar to *Initial Public Offering*, Mr. Morgan sought to extract, and actually obtained, a settlement in exchange for dropping his appeal in the case of *Adams* (Dkt. No. 108-1, 3:18-23), which is exactly what Mr. Morgan intends to do here. The frivolousness of the

---

[1] This figure was calculated prior to the appeals filed by Mr. Dunmore and Mr. Morgan, which meritless appeals will likely diminish the amount the Class member will receive by an amount presently unknown to Class Counsel.

objections is further supported by the fact that Mr. Dunmore and Mr. Morgan objected to lack of disclosure of certain information that was actually and properly disclosed to the Class members (*see* Dkt. No. 79, 11:18-13:5).

### 1. Morgan Misunderstands The Decision In *Antoninetti*

Mr. Morgan also misunderstands the statement by the Ninth Circuit in *Antoninetti* when he argues that an objector's motive and litigation history is irrelevant. In *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1175 (9th Cir. Cal. 2010), the Ninth Circuit explained, "[a]s we have noted more than once, [f]or the [Disabilities Act] to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the [Disabilities Act]." (internal quotations omitted). Here, however, baseless objections by serial objectors Mr. Morgan and Mr. Dunmore are far from desirable, and are detrimental to the interests of the Class who cannot receive their settlement payment because they both filed groundless appeals. Mr. Morgan is also incorrect to argue that "*Antoninetti*'s reasoning is also true under Rule 23(e)(5) (Morgan, Memo., 5:21), as Mr. Morgan provides no authority for such proposition, and *Antoninetti*'s reasoning is limited to the issue of credibility as it concerned the need for injunctive relief regarding the desire of the plaintiff in that case to return to the Chipotle restaurant.

Mr. Morgan's assertion that he is doing the Class members a favor by objecting to the fairness of the settlement because "absent class members do not have the financial incentive to object" (Morgan's Memo., 5:22-23) ignores the fact that each claimant stands to receive approximately $84.78 just for completing a simple claim form, as well as the fact that only 7 out of 4,337,960 Class members (Dkt. No. 60-1, 2:3) objected to the settlement, and one later withdrew his objection (Dkt. No. 88). "The minuscule number of objectors is another factor favoring approval" of the class action settlement. *In re Mfrs. Life Ins. Co.*

*Premium Litig.*, 1998 U.S. Dist. LEXIS 23217, 24 (S.D. Cal. Dec. 18, 1998).

There is no support for Mr. Morgan's other assertion that "[a]bsent class members cannot be protected unless experienced counsel for objectors can raise objections" (Morgan, Memo., 5:25-26), since the named Plaintiffs and Class Counsel are looking out for the interests of the Class members, as well as the Court which oversees the fairness of the settlement.

### 2. The *Cox* Decision Does Not Support Morgan's Position

Mr. Morgan improperly cites *Cox* for the proposition that "discovery of absent class members is inconsistent with Rule 23's purpose and should be only rarely permitted (Morgan Memo., 6:8-9). What the court actually said in *Cox* is that "[i]ndividual discovery directed to passive class members would normally be appropriate only at stage two of a Title VII suit, and then only rarely." *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir. Ala. 1986). This action is not a Title VII suit, and Mr. Morgan ignores numerous cases cited by Plaintiffs that show discovery from absent class members, including objectors, is permissible where relevant and there is a need for such discovery. *See* Pls.' Memo., 5:23-6:2; 7:4-8:10. The next case, *Boynton*, cited by Mr. Morgan (*see* Morgan, Memo., 6:12-13) actually acknowledges that "Courts have allowed discovery to be taken from unnamed class members…" *Boynton v. Headwaters, Inc.*, 2009 U.S. Dist. LEXIS 94949, *3 (W.D. Tenn. Jan. 30, 2009).

In the case of *Trombley v. Bank of America Corp.*, 2011 WL 3740488 (D.R.I. Aug. 24, 2011), cited by Mr. Morgan, the *Trombley* Court stated, "Courts have recognized the problems caused by so-called professional objectors, who assert meritless objections in large class action settlement proceedings to extort fees or other payments." *Id*. at *4. Also, in *Trombley*, the Court merely stated that "[t]he parties cite no case law … [for] the opportunity for discovery conducted by class or defense counsel" without further discussion on the matter (*id*. at *5).

The *Corpac* case, cited by Mr. Morgan, is not controlling and concerned class

counsel's attempt to "gain a tactical advantage" in *other* litigation involving counsel for the same parties "rather than needed information" (*Corpac v. Rubin*, 2012 WL 2923514 (E.D.N.Y July 19, 2012)), which is not the case here because there are no other cases in which Class Counsel and counsel for the objectors are involved.

Significantly, Mr. Dunmore admits that the cases cited by Plaintiffs permitted "discovery to includ: [sic] a deposition" (Dunmore, Memo., 4:5) regarding the issues of standing, factual support for objections, whether the objectors filed objections in other cases, the circumstances of such objections and any compensation received, and production of documents concerning the attorney-client relationship. *See id.* at 4:5-10.[2] Thus, there is no basis for Mr. Dunmore's claim that Plaintiffs' Motion is "frivolous" (*id.* at 6:17) and "presented for the improper purpose of harassing [Mr. Dunmore] into dropping his appeal…" (*id.* at 6:22-23). If Mr. Dunmore's intentions are pure in this case, then he should have nothing to hide. Limited and tailored discovery to help Class Counsel show the frivolousness of Mr. Dunmore's appeal is far from harassing conduct. Plaintiff's Motion is designed to protect the interests of all the Class members, including the claimants who now have to wait an untold number of months, or perhaps years, to receive their settlement payment because Mr. Dunmore and Mr. Morgan believe that Wells Fargo should be required to pay more than $17,100,000,[3] which is a very substantial settlement for this type of case under the TCPA.

Lastly, Plaintiffs are not seeking information subject to the attorney-client privilege (*see* Morgan, Memo., 8:16-9:2), and since Mr. Morgan and Mr. Dunmore are represented by counsel, their attorneys may assert such privilege if necessary during Mr. Dunmore and Mr. Morgan's depositions.

///

---

[2] In the *Dennings* case, the plaintiffs were permitted to depose Mr. Morgan as an objector to a class action settlement. *See* Pls.' Exhibit J (Dkt. No. 79-11).

[3] *See* Dunmore, Memo., 4:25-26 ("in light of this Defendants [sic] obvious ability to pay" $2.4 billion in statutory damages).

**B.  The Objectors' Motive Is Relevant To Plaintiffs' Request For Discovery**

Notably, Mr. Morgan does not address his improper conduct in *Dennings* and *Adams* (Pls.' Memo., 3:15-4:1), except to argue that his "motives" are not relevant (*see* Morgan, Memo., 3:23-24), which is incorrect. Courts have permitted discovery of objectors regarding their objections in other cases. *See e.g., Stern v. AT&T Mobility*, No. 05-CV-8842, Dkt. 344 (C.D. Cal. 2010); *see also* footnote 2, *supra*.

As Mr. Dunmore correctly argues, the Ninth Circuit Court of Appeals decides whether an appeal is frivolous (Dunmore, Memo., 5:18-19), and therefore, the Court should permit discovery so that Class Counsel may show to the Court of Appeals that the objectors here are frivolous, and that the objectors "have a practice of making frivolous objections and bringing appeals for improper purposes (Pls.' Memo., 1:24-26).[4]

Class Counsel recognize that not every objection to a class action settlement is unfounded, and that not every appeal is frivolous; however, given the past conduct of Mr. Morgan and Mr. Dunmore (including their and other baseless objections to final approval of *this* settlement, *see* Dkt. No. 79-2 through 79-8), it is clear that these objectors "are motivated by things other than concern for the welfare of the settlement class" in that they seek "to obtain a fee by objecting to whatever aspects of the Settlement they can latch onto" (*In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1362 n. 30 (S.D. Fla. 2011) (emphasis added)). These improper objections and appeals harm the Class and are an abuse of

---

[4] While conduct in other cases does not conclusively demonstrate the frivolousness of Mr. Dunmore and Mr. Morgan's objections and appeals in this case (*see* Morgan, Memo., 4:7-10), such conduct should be considered as *relevant* by the Court in deciding whether to permit the discovery requested by Plaintiffs. *See In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827, Dkt. 7011 (N.D. Cal., Order filed October 19, 2012) (court granted a motion to compel deposition testimony of certain objectors regarding whether the individuals had been objectors in other cases and any compensation received).

Kazerouni Law Group, APC
Santa Ana, California

the justice system. *See In re: Cathode Ray Tube Antitrust Litig.*, 281 F.R.D. 531, 533, n.3 (N.D. Cal. 2012):

> [P]rofessional objectors can levy what is effectively a tax on class action settlements, a tax that has no benefit to anyone other than to the objectors. Literally nothing is gained from the cost: Settlements are not restructured and the class, on whose benefit the appeal is purportedly raised, gains nothing.

### C.  Discovery Is Sought For A Proper Purpose

Mr. Dunmore is incorrect in arguing that Plaintiffs seek to harass Mr. Dunmore and chill his due process rights to lodge legitimate objections and appeal from an unfavorable ruling (Dunmore, Memo., 3:12-14), as Plaintiffs have not attempted to interfere with his right to file an objection or file an appeal in this case. Instead, Plaintiffs addressed Mr. Dunmore and Mr. Morgan's objections by filing an opposition brief (*see* Dkt. No. 79) and now seek discovery for the purpose of showing the frivolousness of their appeals to the Ninth Circuit Court of Appeals. Should the Court permit Plaintiffs to seek discovery from Mr. Dunmore and Mr. Morgan, this will not in any way "chill" (Dunmore, Memo., 3:14) or "short-circuit" (*id*. at 6:16) their due process rights to appeal from this Court's decision overruling their objections. While it is true that this Court did not find that Mr. Dunmore's objections were frivolous, this Court overruled them nevertheless, and Plaintiffs did not ask the Court to determine whether the objections were frivolous at the time of the fairness hearing. Thus, contrary to Mr. Dunmore's intimations, Plaintiff's present motion for limited and tailored discovery is brought for a proper purpose.

Mr. Dunmore argues that his objection and appeal are not frivolous because Wells Fargo *should* have paid more as part of the class action settlement because it is a large company and *could* have paid more. See Dunmore, Memo., 4:19-20-2. However, the argument that Wells Fargo should have paid more because it could have paid more is far from a valid reason to object to the fairness of this settlement.

Courts have repeatedly rejected this argument. *See In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 487 (S.D.N.Y. 1998) (stating that the defendants' ability to pay a very substantial judgment does not militate against settlement).[5]

Also, Mr. Dunmore's proffered formula for determining the value of the settlement (*see* Dunmore, Memo., 5:3-10) fails to acknowledge that some of the Class members actually gave their "prior express consent" (Dkt. No. 79, 23:19-24:4) and that it is otherwise logically unsound, especially since Courts do not base the fairness of a class action settlement on a rigid mathematical formula. Courts do not use "mathematical calculation that yields the correct reasonable settlement amount; instead, there is a range of reasonableness with respect to a settlement - a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." 50 Ariz. L. Rev. 1009, 1018 (quoting *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 186 (W.D.N.Y. 2005) (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)) (internal quotations omitted). Having considered the proposed settlement in this case, the Court approved the settlement as fair and reasonable (*see* Dkt. Nos. 91 and 96).

### D. Mr. Dunmore Attempts To Divert Attention From The Real Issues In Plaintiffs' Motion Through The Use of A Strawman

Mr. Dunmore argues that the Court should consider "whether the allegations that Objector/Appellant Julius Dunmore was *pro se* or *pro per* before this Court and [sic] well as the other factual contentions regarding his Appellate counsel Mr. Bacharach have any evidentiary support" (Dunmore, Memo., 6:25-7:1). It appears that Mr. Dunmore wishes for the Court to ignore Plaintiffs' sound arguments because of what Mr. Dunmore believes are factual inaccuracies in Plaintiffs' briefing. However, no such factual inaccuracies actually exist.

---

[5] *In re PaineWebber Ltd. Partnerships Litig.*, 171 F.R.D. 104, 129 (S.D.N.Y. 1997) ("the fact that a defendant is able to pay more than it offers in settlement does not, standing alone, indicate that the settlement is unreasonable or inadequate").

1       First, Plaintiffs never said that Mr. Dunmore appeared *pro se* or *pro per* before this Court, but rather that Mr. Dunmore filed an <u>objection</u> "pro se" (Pls.' Memo., 1:13) and was represented by his appearance attorney David Hall at the Fairness Hearing (*id*. at 1:19-21). Thus, there are no inaccuracies in Plaintiffs' memorandum in support of their discovery motion (*see* Dkt. No. 108-1).

       Second, Plaintiffs correctly recognized that N. Albert Bacharach, Jr. "recently joined in as counsel [for Mr. Dunmore] when Plaintiffs filed for an appeal bond" (*id*. at 1:16-18). Plaintiffs did not claim that Mr. Bacharach joined in as counsel for Mr. Dunmore at the <u>district court level</u>. In fact, a simple review of the Court's docket shows that Mr. Bacharach does not represent Mr. Dunmore before this Court, and therefore, Plaintiffs were, of course, referring to Mr. Bacharach as having joined in as counsel for Mr. Dunmore at the appellate court level. Such argument by Mr. Dunmore further highlights the baselessness of his contentions and his "grasping-at-straws" approach to legal argument.[6]

## II. THERE IS NO HARD AND FAST RULE THAT CLASS COUNSEL MAY NOT TAKE DEPOSITIONS OF OPPOSING COUNSEL

       The Court may permit Class Counsel to depose serial objectors Mr. Hanigan (counsel for Mr. Morgan) and Mr. Bacharach (appellate counsel for Mr. Dunmore). As explained by the Second Circuit in *Official Comm. of Unsecured Creditors of Hechinger Inv. Co. of Del., Inc. v. Friedman (In re Subpoena Issued to Dennis Friedman)*, 350 F.3d 65, 71-72 (2d Cir. N.Y. 2003):

> …<u>the fact that the proposed deponent is a lawyer does not automatically insulate him or her from a deposition nor automatically require prior resort to alternative discovery devices, but it is a circumstance to be considered</u>. Several district courts in this Circuit have properly applied a **flexible approach** to the issue of lawyer depositions.

---

[6] Mr. Dunmore is simply incorrect that Plaintiffs "cut and pasted" their summary of the objections to *this* class action settlement (*see* Pls.' Memo., 1:11-16).

Kazerouni Law Group, APC
Santa Ana, California

*Id*. (emphasis added).

While *Friedman* is not controlling, neither are the cases cited by Mr. Morgan from the Fifth and Eight Circuits (*see* Morgan, Memo., 7:15-22). However, the district court decision in *Antoninetti v. Chipotle, Inc.*, 2011 U.S. Dist. LEXIS 54854 (S.D. Cal. May 23, 2011) is persuasive authority from the Ninth Circuit. *Antoninetti* follows the "flexible" approach spoken of by the Second Circuit in *Friedman* regarding discovery from absent class members, including objectors. *See Antoninetti*, *supra*, at *4 ("the rules pertaining to such discovery are flexible, especially where the proposed deponents have … otherwise 'injected' themselves into the litigation.").

In keeping with this flexible approach, this Court may permit Class Counsel to take the deposition of Mr. Hanigan and Mr. Bacharach; nevertheless, in order to minimize the burden on Mr. Hanigan and Mr. Bacharach, Plaintiffs now request only that the Court order each of them to prepare a declaration as to all prior settlements paid to dismiss objections on appeal, as requested by Plaintiffs in their alternative prayer for relief (*see* Dkt. No. 108, 9:5-10). *See Antoninetti, supra*, at *4 ("the rules pertaining to such discovery are flexible…").

### III.  CONCLUSION

In Conclusion, the Court should grant Plaintiffs' motion to seek discovery from both objectors Mr. Dunmore and Mr. Morgan as requested by Plaintiffs. Additionally, the Court should order Mr. Bacharach and Mr. Hanigan to provide declarations regarding similar topics as requested by Plaintiffs in their alternative prayer for relief (*see id*. at 9:5-10).

Respectfully submitted,

Date: August 12, 2013          **KAZEROUNI LAW GROUP, APC**

By: __/s Abbas Kazerounian_____
    Abbas Kazerounian
    Attorneys for Plaintiffs

**HYDE & SWIGART**

Date: August 12, 2013                By:  /s Joshua B. Swigart
        Joshua B. Swigart
        Attorneys for Plaintiffs

**Hyde & Swigart**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICES OF DOUGLAS J. CAMPION**

Date: August 12, 2013                By:  /s Douglas J. Campion
        Douglas J. Campion
        Attorneys for Plaintiffs

Douglas J. Campion, Esq. (SBN: 75381)
doug@djcampion.com
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
Telephone: (619) 299-2091
Facsimile: (619) 858-0034